**Ex parte James McCURRY, Applicant.**

**No. AP–74969.**

Court of Criminal Appeals of Texas.

June 29, 2005.

**15.** TEX. PENAL CODE § 30.02(a)(1).

James McCurry, pro se.

Jack Roady, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

HERVEY, J., delivered the opinion for a unanimous Court.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, TEX.CODE CRIM. PROC. Applicant was serving a ten-year sentence on a conviction for sexual assault of a child when he was placed on mandatory supervision pursuant to § 508.001(5), TEX. GOV'T CODE. Applicant was confined at the Ben Reid Correctional Facility (a private correctional facility) as a condition of his mandatory supervision.

Applicant contends that the imposition of this condition without first providing him with a hearing to contest it violated due process.[1] He claims that this condition "is qualitatively different from punishment characteristically suffered by sex-offender parolees."

Applicant relies on a Fifth Circuit decision in *Coleman v. Dretke* which held that a parole panel violated due process by imposing sex offender registration and sex offender therapy as conditions of an inmate's release to mandatory supervision without providing the inmate (who had never been convicted of a sex offense or otherwise found to be a sex offender) an opportunity to contest his sex offender status. *See Coleman v. Dretke,* 395 F.3d 216, 221–25 (5rth Cir.2004). *Coleman* applied the principle that due process guar-

---

1. The applicable statutes put an inmate on notice that a parole panel may impose as a condition of mandatory supervision any condition that a court may impose on a defendant placed on community supervision under Article 42.12, TEX.CODE CRIM. PROC. *See* § 508.221, TEX. GOV'T CODE. A court may require as a condition of community supervision that a defendant serve time in a community corrections facility such as the Ben Reid Facility. *See* Article. 42.12, §§ 11, 12, 18, TEX.CODE CRIM. PROC.; Article 42.13 § 1(b)(2), TEX.CODE CRIM. PROC. Applicant, therefore, was on notice that this condition could have been imposed as a condition of his mandatory supervision.

antees an inmate some process before the government can impose conditions that are "qualitatively different" from the punishment characteristically suffered by a person convicted of the crime, and which have stigmatizing consequences. *Id. Coleman* decided that both of these factors were present in that case. *Id.* (due process provided inmate with liberty interest in freedom from stigma of sex offender classification and compelled sex offender treatment which was qualitatively different from other conditions which may attend an inmate's release).

■ Applicant has not shown that his confinement in the Ben Reid facility is "qualitatively different" from conditions authorized by statute (*see* footnote 1) and characteristically imposed on many other convicted sex offenders who are placed on mandatory supervision. We are unable to conclude that this condition is "such a dramatic departure from the basic conditions of parole" for many other convicted sex offenders that due process mandates procedural protections. *Id.* Nor can we conclude that applicant's confinement in the Ben Reid facility is a "stigmatizing classification" like the one in *Coleman* where an inmate who had never been convicted of a sex offense nevertheless was classified as a sex offender with stigmatizing consequences. *Id.* Applicant, therefore, was not entitled to a hearing to contest his confinement in the Ben Reid facility as a condition of his mandatory supervision.

Habeas corpus relief is denied.