IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,363-01






EX PARTE DANIEL BOWLING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 31900-A IN THE 23RD DISTRICT COURT


FROM BRAZORIA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of habitation with intent
to commit theft and sentenced to fifteen (15) years' imprisonment. 

 Applicant contends that he has never been convicted of a sex offense but that sex offender
conditions were imposed when he was released on parole on December 20, 2005, and that release was
revoked for his failure to comply with those conditions on or about September 27, 2006.

 The trial court finds that the facts underlying the burglary conviction reflect that the imposition of
sex offender conditions was proper. However, Applicant has alleged facts that, if true, might entitle him
to relief. See Ex parte McCurry, 175 S.W.3d 784 (Tex. Crim. App. 2005); see also Coleman v.
Dretke, 395 F.3d 216 (5th Cir. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall determine whether Applicant is a sex offender within the
meaning of Tex. Code Crim. Proc. Art. 42.12, Sec. 9A (a) (2) and whether he has a reportable conviction
or adjudication as defined by Tex. Code Crim. Proc. Art. 62.001 (5). The trial court shall also give the
Board of Pardons and Paroles an opportunity to respond to Applicant's contentions. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has been convicted of a sex
offense; if he has not, whether the Board of Pardons and Paroles afforded Applicant due process before
imposing sex offender conditions of release; and whether Applicant's release was revoked for a violation
of sex offender conditions of release. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition; any court
records confirming that Applicant has been convicted of a sex offense; any response from the Board of
Pardons and Paroles; and the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained
from this Court. 

Filed: October 17, 2007

Do not publish