

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1277-09

### ERIC SIMON PELACHE, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### CAMERON COUNTY

**HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, HOLCOMB, and COCHRAN, JJ., joined. MEYERS, J., dissented.**

### O P I N I O N

In this case, the court of appeals decided that the State's April 23, 2008 post-guilt, pre-punishment-phase notice to appellant of the State's intent to enhance appellant's punishment with an aggravated-robbery conviction violated appellant's federal constitutional due-process rights "to know the nature of the charges he is accused of and the consequences of a conviction before jeopardy attaches."[1] We decide that appellant's federal constitutional due-process rights were not violated.

---

[1] *Pelache v. State*, 294 S.W.3d 248, 252 (Tex. App.–Corpus Christi 2009).

Appellant was charged in an indictment with the second-degree felony offense of robbery.[2] The indictment contained an enhancement "count" alleging that appellant had previously been convicted of an aggravated robbery on September 7, 2000.[3] This made appellant, if convicted of the robbery offense, subject to a first-degree-felony punishment range[4] of five to 99 years or life with a possible fine not to exceed $10,000.[5] Appellant rejected the State's plea-bargain offer to plead guilty to a reduced state-jail felony charge of theft from a person[6] in exchange for a recommended sentence of two-years' confinement in a state jail.[7]

On April 15, 2008, appellant went to trial on the robbery indictment. A convenience-store clerk identified appellant as the person who came into the convenience store where she was working and demanded the money that was in the cash register. The clerk testified that appellant had one hand in his pocket which made her think that appellant had a weapon causing her to fear for her life. On April 18, 2008, a jury convicted appellant of the lesser-included, state-jail felony offense of theft

---

[2]

See § 29.02(a)(2) & (b), TEX. PENAL CODE.

[3]

The record reflects that appellant was convicted of this aggravated-robbery offense on September 5, 2000, and that the judgment was signed on September 7, 2000.

[4]

See § 12.42(b), TEX. PENAL CODE.

[5]

See § 12.32, TEX. PENAL CODE.

[6]

See § 31.03(e)(4)(B), TEX. PENAL CODE.

[7]

The record reflects that appellant rejected this offer even after his attorney advised him that he faced a possible life sentence if convicted of the robbery offense with a finding that he also committed the aggravated-robbery offense that was alleged in the enhancement "count" in the indictment.

from a person. Appellant's punishment hearing was set for May 2, 2008, when the trial court would

assess appellant's punishment.[8]

On April 23, 2008, the State, in the form of a motion for enhancement and request for leave

of court to amend the indictment, notified appellant of its intent to use two more prior felony

convictions for enhancement purposes, both also occurring on September 5, 2000 (another

aggravated-robbery conviction and a state-jail felony conviction for possession of a controlled

substance).[9] This motion cited to "TEX. PENAL CODE 12.42 and 12.35," and it requested that

appellant's "punishment be increased to reflect the enhancements."

On May 9, 2008, the trial court conducted a punishment hearing. At this hearing, the parties

discussed whether appellant's prior convictions could be used to enhance appellant's sentence to a

second-degree felony range. We find it necessary to set out these discussions in some detail. Just

before the punishment hearing began, the following proceedings took place.

> [THE STATE]: Further, I'd ask the Court to take judicial notice of the state's motion
> to enhance punishment that was filed back on April 23[rd] of 2008. That was also
> given to [the defense], served on [the defense]. In regards to that state's motion for
> enhancement, we are alleging three different priors, more specifically, in Cause No.

---

[8]

At this time, with the enhancement "count" in the indictment having alleged a prior September 5, 2000 aggravated-robbery conviction, appellant was subject to a third-degree-felony punishment range of two to ten years and a possible fine not to exceed $10,000. *See* § 31.03(e)(4)(B) (providing that theft from a person is a state-jail felony); § 12.35(c)(2)(A), TEX. PENAL CODE (providing that a person convicted of a state-jail felony shall be punished for a third-degree felony if the person has previously been convicted of a § 3g(a)(1) offense under Article 42.12 of the Code of Criminal Procedure); Article 42.12, § 3g(a)(1)(F), TEX. CODE CRIM. PROC. (making aggravated robbery a § 3g(a)(1) offense).

[9]

The record reflects that the state-jail felony conviction for possession of a controlled substance was ultimately not used to enhance appellant's punishment.

00-CR-528-D.[10] The defendant was convicted of the offense of aggravated robbery back on September the 5th of 2000.

[THE COURT]: And that was in the enhancement paragraph.

[THE STATE]: And that also was in the enhancement paragraph in the actual indictment, but we also gave them notice again in regards to–we filed another motion for enhancement.

In addition to that motion for enhancement, we also allege another count where [appellant] was also convicted for the offense of aggravated robbery, which is a (3) (g) offense in 00-CR-522-D. That conviction also occurred back on or about September the 5th of 2007 [sic].

In addition to that, we are alleging that in 95-CR-1523-D, the same defendant was also convicted for the offense of possession of controlled substance back on September the 5th of 2007–or 2000. I'm sorry, Judge.

Now, in regards to that, Judge, basically, I do have some case law. What I believe is applicable would be Sec. 12.35 of the Penal Code, specifically subsection (c). Basically what happens in regards to–we have a state-jail conviction with the pending aggravated robbery, one of the aggravated robberies. That would then enhance it to a third-degree felony, using that logic in 12.35 (c).[11]

And how we get there, Judge, is basically, the prior offense, the aggravated robbery is a (3) (g) offense. That (3) (g) offense, once it's proven, will then enhance [appellant] to a third degree.

In regards to that, there's also–I would believe that 12.42 is also applicable under subsection (a) (3). At this point in time, once you enhance them once with the aggravated robbery, you enhance them again with the second aggravated robbery. Because you have an aggravated state-jail felony, which I have case law that talks about that,–at that point in time you would be looking at a second-degree felony.[12]

---

[10]

The record reflects that the cause number for this aggravated-robbery conviction was 00-CR-523-D. This was also the cause number of the conviction alleged in the enhancement "count" in the indictment and realleged in the State's April 23, 2008 enhancement notice.

[11]

*See* § 12.35(c)(2)(A).

[12]

Thus, the State's theory was that one of appellant's September 5, 2000 § 3g(a) aggravated-

Appellant seemed to take the position that none of his prior convictions (including the September 5, 2000 aggravated-robbery conviction alleged in the enhancement "count" of the indictment) could be used for enhancement purposes and that he should be subject to a state-jail-felony punishment range because the State did not provide him with notice that it would seek to enhance his sentence if he was convicted of a lesser-included, state-jail felony offense of theft from a person. Appellant seemed to claim that the enhancement "count" in the indictment put him on notice that the State intended to enhance his sentence only under § 12.42 which, according to appellant, became inapplicable when the jury convicted him of the state-jail felony offense of theft from a person. Appellant then claimed, in the alternative, that a more appropriate sentence would be within a third-degree felony range apparently under state law.

> [THE DEFENSE]: **Now, my argument is that no notice was provided with regards to enhancing [appellant's] state-jail felony from a non-aggravated state-jail felony to an aggravated state-jail felony**.
>
> And if the Court will note, their continuous argument is, they call it an enhancement. They provide me a notice of enhancement enhancing his state-jail felony, the theft from a person, to an aggravated state-jail felony, making note of the enhancement. Well, in a state-jail felony, the only way that you can enhance is under Art. 12.42, and that is not applicable in this case.
>
> **It's my position that he is not subject to having his state-jail felony enhanced**

---

robbery convictions could be used to enhance appellant's sentence for his state-jail felony conviction for theft from a person to a third-degree felony range under Section 12.35(c)(2)(A). *See* § 12.35(c)(2)(A) (providing that individual convicted of state-jail felony shall be punished for a third-degree felony if it is shown that the individual has previously been finally convicted of, among other things, a § 3g(a) felony). Appellant's other September 5, 2000 aggravated-robbery conviction could then be used to enhance appellant's sentence to a second-degree felony range under Section 12.42(a)(3). *See* § 12.42(a)(3) (providing that a state-jail felony punishable under § 12.35(c) shall be enhanced to a second-degree felony range if it is shown that the defendant has once before been convicted of a felony). *See generally Gowan v. State*, 18 S.W.3d 305 (Tex.App.–Beaumont 2000, pet. ref'd). It appears from the Clerk's Record that a copy of the *Gowan* case was attached to the State's April 23, 2008 enhancement notice. The State also cited *Gowan* at the punishment hearing.

**from a non-aggravated to an aggravated because the notice that has been provided by the state had been in the form of an enhancement, and that notice was done pursuant to 12.42, which is not applicable. And it's our position that the only offense and range of punishment that you can consider in this case is basically a state-jail felony, between six to two months–between six months and two years.**

**In the alternative, if the Court should not agree with us, not that I'm agreeing, but the one that would fit more than what the state is arguing, that it's a second, would be a third-degree, not a second-degree felony. We would object to that.**

(Emphasis supplied).

The State responded that appellant had sufficient notice of its enhancement allegations because case law "says you just have to give it to them prior to punishment, which it has been in this case."[13]

> [THE STATE]: If I could just have a chance to rebut that argument. In regards to notice, Judge, on the face of the indictment there was an enhancement count in regards to 00-CR-523-D, the aggravated robbery. In addition, notice was given again on state's motion to enhance punishment that was filed back on April 23[rd] of 2008, that alleged not only just that enhancement count, but the additional enhancement–the two other additional enhancement counts, again, in 00-CR-522-D and 95-CR-1523-D.
>
> In regards to that, [the defense] says that there is no notice that, basically, we're filing under 12.42, but here, Judge, if I may approach, it's under 12.45 [sic] and 12.42, which is clearly marked in the motion. But there is no bright-line rule, Judge, in regards to giving [the defense] notice in regards to a motion to enhance punishment. I have case law that has said that you just have to give it prior to punishment. Here, that's April 23[rd], which is prior to punishment. Therefore, he's been served with a copy. I can give you the case law. There's no–again, no bright-line rule. There's actually case law that rejects a ten-day rule, and it says you just have to give it to them prior to punishment, which it has been in this case. I think [the defense] acknowledges that.

---

[13]

Thus, it appears that the State may have understood appellant to have made a due-process objection based on appellant's right to know the nature of the enhancement allegations in order to prepare a defense to them.

After clarifying the State's statutory theory for enhancing appellant's sentence to a second-degree felony range (*see* footnote 12), the trial court indicated that it would make a ruling after the State presented its punishment evidence and after it reviewed case law provided by the State. Immediately after this, more discussion occurred on whether appellant's sentence could be enhanced to a second-degree felony range under the applicable state statutes.

> [THE DEFENSE]: If I might just add on that exact point, Judge, if Your Honor will examine 12.42, there are certain points in 12.42 where a sequential--
>
> [THE COURT]: Is required.
>
> [THE DEFENSE]: –is required, but in this particular subsection, it's not required.[14] So I would just also point that out.
>
> [THE COURT]: Well, it doesn't really clarify it. That's why I'm asking if the case law does, because it just says "If it is shown on the trial of a state-jail felony punishable under Sec. 12.35 (c) . . . that the defendant has been once before convicted of a felony, on conviction, he shall be punished for a second-degree felony."
>
> Now, what made it aggravated was the fact that he had a prior aggravated robbery, which was on the indictment. But I need to make sure that that enhancement making it an aggravated felony--
>
> [THE STATE]: It would be aggravated state-jail felony, Judge.
>
> [THE COURT]: An aggravated state-jail felony can be used with another enhancement where he was sentenced on the same day to that jail time.
> * * *
> And you're saying that this [case law] clarifies that, and that's what I'm saying. If this clarifies that, then I don't have a problem with the concept, but I want to make sure that it is clarified.

At the close of the punishment hearing, the parties again addressed whether appellant's sentence could be enhanced to a second-degree felony range. Appellant again seemed to claim that

---

[14] *See* § 12.42(a)(3).

none of his prior convictions (including the September 5, 2000 aggravated-robbery conviction alleged in the enhancement "count" of the indictment) could be used for enhancement purposes and that he should be subject to a state-jail-felony punishment range because the State did not provide him with notice that it would seek to enhance his sentence if he was convicted of a lesser-included, state-jail felony offense of theft from a person. Appellant also again claimed in the alternative that a more appropriate sentence would be within a third-degree felony range "based on Art. 12.35(c)."

[THE DEFENSE]: Your Honor, I would like to first address the range of punishment.

\* \* \*

It is our position that [appellant] was convicted not of robbery, but theft from a person,--

[THE COURT]: Right.

[THE DEFENSE]: –which is a non-aggravated state-jail felony.

[THE COURT]: Which is a state-jail felony; okay.

[THE DEFENSE]: Non-aggravated.

[THE COURT]: Right.

[THE DEFENSE]: That's important. And the notice that was given to [appellant] in the indictment, and also in the subsequent motions that have been filed,--

[THE COURT]: Based on the fact that he was indicted for robbery, and that the jury came back with a lesser-included. All right.

[THE DEFENSE]: But my point is that the notice provided to him was that it was an enhancement, and it's--

[THE COURT]: To a robbery.

[THE DEFENSE]: Right.

[THE COURT]: Not to the theft of [sic] person.

[THE DEFENSE]: Not to the theft from a person.

[THE COURT]: But the jury found him guilty of the theft of [sic] a person, which was a lesser-included of the indictment. Go ahead.

[THE DEFENSE]: And my argument is that that is not proper notice to [appellant] because he was not given notice that in the event he was found guilty of a non-aggravated state-jail felony, that the state would be seeking to not enhance, but to enhance the level of the offense from a non-aggravated to an aggravated state-jail felony. So because of that lack of notice, it is our position, Your Honor, that the range of punishment that he's subjected to is not less than six months in a state-jail facility and not more than two years in a state-jail facility.

If the Court is not inclined to follow my argument, then it is my position that the non-aggravated state-jail felony that he was convicted of may be enhanced to a third-degree felony, but not more than a third-degree felony. That's based on Art. 12.35 (c), which states the following: "An individual adjudged guilty of a state-jail felony shall be punished for a third degree if it is shown on the trial of the offense that a deadly weapon, as defined by Sec. 107 [sic], was used or exhibited."[15]

After the trial court stated that it was "inclined to agree with the state," appellant alternatively argued that his sentence should not be enhanced to more than a third-degree felony range under state law because there was "only one [prior] conviction, really" since the convictions "occurred on the same date."

[THE COURT]: Okay. I'm going to–I'm looking at the case law they've given me, and according to the case law, "There is no requirement that a prior felony conviction used to enhance punishment for a state-jail felony to a second-degree felony punishment under a statute permitting such enhancement if defendant has been once before convicted of a felony be final prior to the commission of the additional prior (3) (g) felony used for initial enhancement of punishment for the primary state-jail felony to the third-degree felony punishment, although both the prior convictions for the (3) (g) felony and the once [sic] before convicted felony must be final before the commission of the primary state-jail felony." And both of these were final felony prior convictions prior to the commission of the state-jail. So I am inclined to agree with the state that it is a second-degree, and that the enhancement is good.

\* \* \*

[THE DEFENSE]: We would object to that finding. It is our position that this is a

---

[15]

The trial court later pointed out that the State was not relying on this portion of § 12.35(c) to enhance appellant's punishment.

matter that should be enhanced, if any, to a third-degree. The convictions that the state is relying upon are two convictions that occurred on the same date, that were prosecuted on the same date, and that were sentenced on the same date. Therefore, they are not prior–there's only one conviction, really, that there is because they occurred as a result of one criminal transaction, and he was sentenced pursuant to one criminal proceeding. Therefore, they are not separate convictions; they are one.

The trial court sentenced appellant to the maximum second-degree-felony sentence of twenty years in prison.

[THE COURT]: I'm going to find that this is enhanced to a second-degree, two to twenty, and I'm going to sentence your client at this time to twenty years in the Texas Department of Criminal Justice, Institutional Division. I'll give him credit for any and all jail time he's already served. And I will note your objection.

Citing to the foregoing emphasized portions of appellant's objections just before the punishment hearing began, the court of appeals, with one justice dissenting, decided that appellant preserved the claim that the State's April 23, 2008 enhancement notice was untimely and violated due process because appellant's "specific grounds were apparent from the context." *See Pelache v. State*, 294 S.W.3d 248, 250 n.2 (Tex.App.–Corpus Christi 2009).[16] The court of appeals also decided that appellant's due-process rights were violated when his sentence was enhanced with the aggravated-robbery conviction (cause no. 00-CR-522-D) set out in the State's April 23, 2008 enhancement notice *See Pelache*, 294 S.W.3d at 252. The court of appeals reversed the trial court's

---

[16]

*See also Pelache*, 294 S.W.3d at 253-54 (Vela, J., dissenting) ("Here, Pelache did not object before the trial court or argue in his motion for new trial that either the notice to him that the State was seeking to enhance his sentence, or the process of enhancing his sentence violated his right to due process under either state or federal constitutional grounds. In the context in which Pelache lodged his objection, he did not clearly convey to the trial court 'the precise and proper application of the law as well as the underlying rationale.' Thus, Pelache did not put the trial court on notice that it should consider whether enhancement of his punishment from a state-jail felony to a second-degree felony violated his right to due process. Nothing in the record suggests that the trial court was aware of Pelache's argument that enhancement of his punishment from a state-jail felony to a second-degree felony violated his right to due process.") (citation omitted).

sentence and remanded the case for a new punishment hearing with instructions "to assess a punishment without regard to the two improperly noticed enhancement allegations" set out in the State's September 23, 2008 enhancement notice. *See Pelache*, 294 S.W.3d at 253.

We granted review of the following two grounds in the State's petition for discretionary review:

> 1. Did the appellant properly preserve error in failing to object to the motion to enhance punishment on the grounds of due process?
>
> 2. Did the court of appeals correctly hold that appellant's due process rights were violated when the State filed a motion to enhance punishment two days before the punishment phase of trial?[17]

We will decline to address the State's first ground for review and will assume that appellant preserved a claim that it violated due process for the State to enhance his sentence with the September 5, 2000 aggravated-robbery conviction (cause no. 00-CR-522-D) set out in the State's April 23, 2008 motion for enhancement. Addressing what it considered to be the merits of the federal constitutional due-process claims presented in appellant's brief, the court of appeals decided that the "basic due process violation in this case is of [appellant's] right to know the nature of the [enhancement] charges he is accused of and the consequences of a conviction before jeopardy attaches." *See Pelache*, 294 S.W.3d at 252.[18] The court of appeals further suggested that this notice

---

[17]

Our review of the record indicates that the State filed its enhancement notice (April 23, 2008) sixteen days before the punishment hearing (May 9, 2008).

[18]

This seems to be different from the due-process claim that appellant presented in the court of appeals. Appellant claimed in point of error five in the court of appeals that the trial court erred in sentencing him as a second-degree felon because "the notice to appellant that the State was seeking to enhance his sentence violated appellant's right to Due Process." Appellant claimed in point of error six that the "process of enhancing appellant's sentence violated appellant's right to Due Process." In his brief, appellant argued that:

must be provided "*prior to trial*." *See id*. (emphasis in original).[19]  It is well settled, however, that due process does not require pretrial notice "that the trial on the substantive offense will be followed by an habitual criminal proceeding." *See Oyler v. Boles*, 368 U.S. 448, 452 (1962) ("a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense"); *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) ("when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution").

In *Oyler v. Boles*, the United States Supreme Court addressed the due-process requirements in relation to notice of enhancement allegations.  In that case, the defendants were sentenced to mandatory life sentences pursuant to West Virginia's "three strikes" enhancement scheme.  *See Oyler*, 368 U.S. at 449.  The enhancements were set out by "information filed 'immediately upon conviction and before sentence.'" *See id*.  The defendants argued that their due-process rights were violated by depriving them of notice sufficient to afford them the opportunity to prepare for and defend against the enhancement allegations.  *See id*.  The Supreme Court rejected the defendants' claims and approved of the practice, even though notice was "first brought home to the accused

---

> [He] could not have known what allegations he was to defend against nor does he know now what allegations the trial court found to be true.  The notice and process violated appellant's right to Due Process.

[19]

In support of this statement, the court of appeals cited to a Fifth Circuit decision in *United States v. Steen*, 55 F.3d 1022, 1027 (5th Cir. 1995).  We note, however, that *Steen* applied a statutory provision in the Comprehensive Drug Abuse Prevention and Control Act of 1970 that required notice of previous convictions for sentence enhancement purposes "through an information filed prior to trial." *See id*.  *Steen*, therefore, cannot be read for the proposition that this notice is also constitutionally required for purposes of federal constitutional due process.

when, after conviction on the substantive offense but before sentencing, the [enhancement] information [was] read to him in open court . . . ." *See Oyler*, 368 U.S. at 450-51. The Supreme Court held that while some form of notice was required, the notice did not have to be given in advance of trial. *See Oyler*, 368 U.S. at 452 ("a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense").

In addition, this Court addressed the issue of proper notice in *Villescas*, 189 S.W.3d at 290. In that case, the State gave notice of its intent to use enhancements six days before trial. *See Villescas*, 189 S.W.3d at 291. At the punishment hearing, the defendant objected that the notice was untimely. *See id*. During the hearing, the State offered a set of the defendant's fingerprints to be used to compare with those found on the prior felony convictions. *See id*. The defendant expressed confusion about the fingerprint comparison and claimed that defense counsel had not explained the process to him. *See id*. The proceedings were postponed for a week. *See id*. When the hearing commenced, defense counsel acknowledged that the defendant now understood the comparison process, but neither the defendant nor his counsel requested more time to prepare a defense. *See Villescas*, 189 S.W.3d at 292. On review, this Court found that "notice of enhancements only had to satisfy constitutional safeguards" and upheld the trial court's judgment that notice to the defendant was sufficient. *See Villescas*, 189 S.W.3d at 295. Thus, for purposes of conducting a due-process analysis, the determination of whether proper notice of enhancements was given does not require that notice be given within a particular period of time before trial or before the guilt phase is completed. *See Villescas*, 189 S.W.3d at 294.

The issue of whether appellant's sentence can be enhanced should not turn on whether he was

convicted of the greater charged offense or of a lesser-included offense of this charged offense. The issue is whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them. And we see no reason why a different rule should apply in cases such as this where a defendant is convicted of a lesser-included offense of the charged offense. Finally, the parties have not cited any authorities or advanced any arguments why a different rule should apply in these circumstances.

An application of the aforementioned cases leads us to conclude that the State's April 23, 2008 enhancement notice was sufficient to put appellant on notice of "the nature of the [enhancement] charges he [was] accused of." In determining whether appellant received sufficient notice of the State's intent to enhance punishment, we look to the record to identify whether appellant's defense was impaired by the timing of the State's notice. Similar to the defendants in *Oyler* and *Villescas*, appellant did not request a continuance, appear surprised by the allegations, or argue that he was unprepared to defend against the prior conviction allegations. In fact, we have held that "when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution." *See Villescas*, 189 S.W.3d at 294.[20]

---

[20]

In *Villescas*, the court of appeals applied the harm analysis for non-constitutional error under TEX. R. APP. P. 44.2(b) after deciding that the State's enhancement notice filed six days before trial was untimely. *See Villescas*, 189 S.W.3d at 292. Relying on statutes entitling appointed defense counsel ten days to prepare for trial and to respond to an amended indictment or information, the court of appeals essentially decided, as a matter of state law, that the State should have provided the enhancement notice ten days before trial. *See Villescas*, 189 S.W.3d at 292 & n.4. This Court decided on discretionary review that the source of this notice requirement is not state law, but is "rooted in due process" and that the defendant was given constitutionally adequate notice of the State's enhancement notice. *See Villescas*, 189 S.W.3d at 294-95. In *Villescas*, this Court stated:

The court of appeals seems also to have decided that it violated due process that, when appellant rejected the State's plea-bargain offer before jeopardy attached to the robbery offense, appellant had no notice that his sentence could be enhanced with other prior convictions, in addition to the one alleged in the enhancement "count" in the indictment, in the event that he was convicted of the lesser-included, state-jail-felony offense of theft from a person. *See Pelache*, 294 S.W.3d at 252 (a basic due-process violation in this case was appellant's right to know "the consequences of a conviction before jeopardy attaches"); *see also Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (penal statute required to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited"); *Cuellar v. State*, 70 S.W.3d 815, 822 (Tex. Crim. App. 2002) (a person is entitled to be informed of what the law commands or forbids). We note that, when appellant rejected the State's plea-bargain offer, appellant had actual notice that the State would seek to enhance his sentence with at least one prior conviction. We also note that the applicable statutes did inform appellant, before he rejected the State's plea-bargain offer and before jeopardy attached to the robbery offense, that he was subject to sentence enhancement with any other

> In light of our prior cases and the Supreme Court's decision in *Oyler*, we conclude that the notice requirement . . . is of constitutional origin, and we hold that the Court of Appeals erred in impliedly concluding otherwise. For this reason, we also disavow the appellate court's attachment of special significance to the time period of ten days. . . . The ultimate question is whether constitutionally adequate notice was given. We likewise reject the appellate court's conclusion that the relevant time period for determining proper notice is the period before trial. Under *Oyler*, due process does not even require that the notice be given before the guilt phase begins, much less that it be given a number of days before trial. And limiting the notice period to "before trial" ignores the possibility that the trial court could take measures to cure the notice problem by granting a continuance–an option *Oyler* expressly contemplates.

*See Villescas*, 189 S.W.3d at 294.

prior convictions under § 12.35(c)(2)(A) and under § 12.42(a)(3) in the event that he was convicted of the lesser-included, state-jail-felony offense of theft from a person.[21] *See Ex parte McCurry*, 175 S.W.3d 784, 785 n.1 (Tex. Crim. App. 2005) (applicable statutes put inmate on notice that a parole panel could impose as a condition of mandatory supervision any condition that a court may impose on a defendant placed on community supervision). The State's second ground for review is sustained.

The judgment of the court of appeals is reversed, and the case is remanded there for further proceedings not inconsistent with this opinion.

Hervey, J.

Delivered: November 3, 2010
Publish

---

[21]

And on this record, we must presume that appellant's counsel advised appellant of this possibility. *Cf. Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).