# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00347-CR

**Jeffery Scott Graves, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. 6154, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State charged Jeffery Scott Graves with theft of property in the amount of $20,000 or more but less than $100,000. *See* Tex. Penal Code Ann. § 31.03(e)(5) (West Supp. 2010). The indictment included two enhancement paragraphs, one of which was later abandoned. A jury found Graves guilty of the lesser-included offense of theft of property in the amount of $1,500 or more but less than $20,000, *see id.* § 31.03(e)(4), and found that Graves had been previously convicted of two state-jail felonies. The jury assessed Graves's punishment at ten years' confinement and a $10,000 fine. On appeal, Graves argues that he was not given sufficient notice of the State's intent to use prior convictions to enhance the offense of which he was convicted. We affirm the judgment of the trial court.

**BACKGROUND**

Graves was accused of stealing inventory and equipment from his company-issued truck after being fired from his job as a mobile salesman for an electrical-supply company. On May 5, 2009, Graves was indicted for the third-degree felony of theft of property in the amount of $20,000 or more but less than $100,000. *See id*. § 31.03(e)(5). The indictment also included enhancement paragraphs for two separate prior convictions for the second-degree felony of burglary of a habitation. On March 2, 2010, the State served Graves with a notice of extraneous offenses, which included state-jail felony convictions for forgery of a financial instrument and theft of a firearm.[1] The State did not give any additional notice of its intent to enhance. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) (allowing State to file notice of enhancement in form other than indictment). Prior to voir dire, the State abandoned enhancement paragraph two of the indictment due to an error.[2]

After a trial, the jury found Graves guilty of the lesser-included offense of theft of property in the amount of $1,500 or more but less than $20,000. *See* Tex. Penal Code Ann. § 31.03(e)(4). This offense is a state-jail felony subject to a punishment range of 180 days to two years. *See id.*; *see also id.* § 12.35(a) (West Supp. 2010). Immediately prior to the punishment phase, the State announced its intent to enhance the range of punishment to a third-degree felony

---

[1] The notice also included eight additional felony convictions: three second-degree felonies for burglary of a habitation, a third-degree felony for escape, and four state-jail felonies, including two burglary-of-a-building convictions, one unauthorized-use-of-a-motor-vehicle conviction, and one theft conviction.

[2] Graves's indictment cited the conviction as burglary of a habitation, while the conviction was actually for burglary of a building.

2

range of two to ten years by proving two prior state-jail felony convictions. *See id.* § 12.42(a)(1) (West Supp. 2010). Graves objected on the ground that he did not receive proper notice of the State's intent to enhance. Graves claimed that while the penal code required two prior state-jail convictions to enhance the lesser-included offense, the indictment only provided notice of one non-state-jail offense to be used for enhancement. The trial court overruled Graves's objection but had the State read the convictions it intended to use for enhancement into the record before the punishment trial began.[3] Graves pleaded "not true" to the enhancement allegations. At punishment, the State entered a penitentiary packet into evidence as proof of prior convictions for the state-jail felonies of burglary of a building, theft of a firearm, and forgery, a second-degree felony for burglary of a habitation, and a third-degree felony for escape. The State called police officer Jay Bauman to testify regarding the contents of the penitentiary packet and Bill Boyd and Glen Williams, employees of the Llano County Sheriff's Department, to testify to Graves's bad reputation in the community. Graves presented no punishment witnesses. His defense consisted of raising two objections to the admissibility of the State's penitentiary packet. First, he objected that the packet was inadmissible hearsay. Second, he objected that the packet was not properly certified because the supporting affidavit did not identify which pages it was authenticating. The trial court overruled both objections, and Graves does not challenge the trial court's admission of the penitentiary packet on

---

[3] The State announced that it would prove the state-jail felonies for burglary of a building, forgery of a financial instrument, and theft of a firearm. *See* Tex. Penal Code Ann. § 30.02(c)(1) (West 2003) (burglary of building), § 32.21(d) (West Supp. 2010) (forgery), § 31.03(e)(4)(C) (West Supp. 2010) (theft of firearm). It was required to prove at least two of the three to enhance Graves's sentence. *See id.* § 12.42(a)(1) (West Supp. 2010).

3

appeal. The jury found that Graves had been convicted of two prior state-jail felonies and assessed punishment at ten years' imprisonment and a $10,000 fine.

## DISCUSSION

In a single issue on appeal, Graves challenges the trial court's determination that he received sufficient notice of the State's intent to enhance. The requirement that a defendant receive reasonable notice of prior convictions to be used for enhancement is a constitutional due process issue. *See Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). In determining whether a defendant received sufficient notice of the State's intent to enhance punishment, we are to look to the record to identify whether his defense was impaired by the timing of the notice. *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). When a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies both the federal and state constitutions. *Villescas*, 189 S.W.3d at 294. Further, while some form of notice of enhancement is required, notice can be satisfied by reading the enhancement information into the record at the start of the punishment phase of trial. *See Pelache*, 324 S.W.3d at 576 (*citing Oyler v. Boles*, 368 U.S. 448, 452 (1962)).

Graves has made no indication, either at trial or on appeal, that he had any defense to the enhancement allegations other than his challenge to the admissibility of the penitentiary packet. Nor did he suggest that a continuance was required to discover or prepare a defense, even after the State twice volunteered that it would have no objections were a continuance requested.[4]

---

[4] The trial court, however, did not indicate whether it was amenable to granting a continuance.

4

Additionally, Graves made no indication that he was surprised by or unprepared for the enhancement allegations. Indeed, Graves had notice well before the commencement of trial that: (1) the State intended to enhance the indicted offense and any lesser-included offense, *see Pelache*, 324 S.W.3d at 577 (holding that notice of intent to enhance indicted offense was sufficient notice of intent to enhance lesser-included offense); (2) the State intended to introduce the offenses for burglary of a building, forgery, and theft of a firearm during punishment; and (3) both the indicted offense and the lesser-included offense were statutorily subject to enhancement, *see* Tex. Penal Code Ann. § 12.42. Because Graves does not allege that his defense was impaired in any way by the timing of the notice of enhancement, we conclude that the notice read into the record prior to the punishment phase was sufficient. *See Pelache*, 324 S.W.3d at 576; *Villescas*, 189 S.W.3d at 294.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: May 5, 2011

Do Not Publish