# NO. 12-15-00305-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NEAL JOHN SHELTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Neal John Shelton appeals his conviction for aggravated assault with a deadly weapon. In two issues, Appellant challenges the sufficiency of the evidence and an amendment to an enhancement paragraph. We affirm.

### BACKGROUND

The State charged Appellant with intentionally, knowingly, and recklessly causing serious bodily injury to Richard Barlow by striking Barlow's face and head with Appellant's fist, kicking Barlow in the ribs and stomach area, stomping Barlow's head, slamming Barlow's head against a gearshift, and hitting Barlow in the head with a sword. The State alleged that Appellant used or exhibited a deadly weapon during the offense, to-wit: his fists and feet, a gear shift, and a sword. Appellant pleaded "not guilty" to aggravated assault with a deadly weapon.

George Ann Ferguson testified that she and some others, including Appellant, had been camping and that she left the campsite. She later returned with Barlow to retrieve her camping supplies. On the way to the campsite, they stopped at the sheriff's department to obtain a police escort. According to Ferguson, Barlow previously dated Delores Moreman, Appellant's girlfriend. She feared a fight would erupt if the two men encountered each other. Ferguson testified that she was told the sheriff's department did not handle such cases, so she and Barlow

continued to the campsite. Deputy Brandon Ward with the Sabine County Sheriff's Department testified that he was responding to a call when he saw Ferguson and Barlow at the sheriff's department. Because he was the only deputy on duty, he could not conduct a civil standby for Ferguson.

Once at the campsite, Ferguson believed that Appellant was not present. Barlow remained in Ferguson's vehicle to call 9-1-1 should Appellant appear. Ferguson went inside a tent to get a comforter. Appellant was inside the tent with Moreman. She testified that Barlow peered inside the tent and Appellant "pounced" on Barlow. Ferguson testified that Appellant began hitting Barlow and stomping on his head and ribs. When Ferguson attempted to call 9-1-1, Appellant smashed her telephone. She saw Appellant use two "swords" and an ax during the attack. Ferguson testified that Barlow was "gurgling." Appellant told her that he was going to kill them and feed them to the alligators. At some point, Appellant gave Ferguson five minutes to load Barlow into Ferguson's vehicle. Ferguson testified that she could not lift Barlow and that Moreman asked Appellant to help. While loading Barlow into the vehicle, Appellant struck Barlow's head against the gearshift. Ferguson testified that the assault lasted approximately fifteen minutes.

Deputy David Boyd with the Sabine County Sheriff's Office testified that he was dispatched to the hospital and that Barlow was in bad shape and needed assistance with his breathing. He did not expect Barlow to survive, and the medical staff told Boyd they did not believe Barlow would survive the helicopter ride to another hospital. He testified that Barlow did not have any stab wounds on his body, but that the beating he sustained was as bad a beating as he had ever witnessed. Dr. Natalia Gibson testified that Barlow was unresponsive, had to be intubated, and had multiple facial fractures, a broken skull, a brain bleed, and abrasions to his extremities, but no stab wounds. Once stabilized, Barlow was transported by helicopter to a trauma one hospital. Gibson testified that he had a fifty percent chance of survival. Mareika Gay, a registered nurse, testified that Barlow never regained consciousness before transport. Boyd and Gibson both classified Barlow's condition as serious bodily injury. Ferguson testified that Barlow now lives in a nursing home and can no longer live alone.

Sergeant Leon Miller with the Sabine County Sheriff's Office testified that officers located Appellant hiding inside the closet of an abandoned trailer. Boyd and Miller testified that Appellant admitted having been in a fight. Appellant said that he beat someone "pretty bad" and

2

he guessed he would be spending the rest of his life in prison. Appellant told Boyd that it angered him when Barlow spoke to Moreman because he thought Barlow had provided illegal drugs to Moreman.

Miller testified that Appellant was in possession of a pocket knife when arrested. Officers recovered an ax from the scene of the crime, but did not find any swords. Appellant denied using a sword during the assault. Miller testified that officers at first believed a small sword or long knife was used during the assault, but he testified that a deadly weapon was not used. He explained that, because no weapons were found and Appellant denied using any such weapons, officers determined that a sword was not used during the attack. Deputy Ward testified that there was blood inside Ferguson's vehicle, but there appeared to be no blood on the gearshift. Drag marks at the scene indicated that Appellant dragged Barlow approximately thirty feet.

In a written statement, Appellant admitted going "ballistic" when he saw Barlow at the campsite. Appellant stated that he slapped Barlow, who did not want to fight, placed him in a chokehold, and dragged him to Ferguson's vehicle. Appellant thought Barlow was pretending to be injured. He ripped off Barlow's shirt and kicked him a few times. When he realized that Barlow may not be pretending, he picked him up and put him inside Ferguson's vehicle. Appellant also gave an audio recorded statement, in which he admitted committing the offense. He denied using an ax or knife during the assault, but admitted throwing an ax in the lake. He also denied striking Barlow inside Ferguson's vehicle.

The jury found Appellant guilty and made an affirmative finding that he used or exhibited a deadly weapon, to-wit: his fists, his feet, a gearshift, or a sword. The jury assessed punishment of imprisonment for ninety-nine years.

## LEGAL SUFFICIENCY

In his first issue, Appellant contends that the evidence is legally insufficient to support his conviction because there is conflicting evidence as to whether a sword was used during the offense, no sword was found at the scene of the offense, and Barlow sustained no stab wounds.

### Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding

guilt beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Id***. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. ***Id***.

A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2015). If the jury returns a general verdict and the evidence is sufficient to support a finding of guilt under any of the allegations submitted to the jury, the verdict will be upheld. ***Fuller v. State***, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992).

**Analysis**

The special verdict form asked the jury if it found, beyond a reasonable doubt, that Appellant used or exhibited a deadly weapon, to-wit, his fists, feet, a gearshift, or a sword. The jury heard Ferguson testify that a sword was used during the offense. But the jury also heard testimony that no sword was found at the scene, Appellant denied using a sword to assault Barlow, officers did not believe a sword was used as a deadly weapon, and Barlow did not suffer stab wounds. As the sole judge of the weight and credibility of the evidence, the jury was entitled to resolve any evidentiary conflicts and determine which evidence to believe. *See* ***Hooper***, 214 S.W.3d at 13. In doing so, the jury could rely on Ferguson's testimony that a sword was used during the offense and that such sword is a deadly weapon. *See **id***.

Additionally, when the state alleges more than one deadly weapon theory, we will uphold an affirmative deadly weapon finding if the evidence proves any of the alleged theories. ***Gutierrez v. State***, No. 05-07-01330-CR, 2009 WL 1335154, at *4 (Tex. App.—Dallas May 14, 2009, pet. ref'd) (not designated for publication). The jury heard evidence, including Appellant's own admissions, that Appellant punched and kicked Barlow. The jury also viewed photographs depicting Barlow's injuries. The beating was so severe that Barlow sustained a brain bleed, facial fractures, and abrasions, had to be intubated, and was not expected to survive. Dr. Gibson and Deputy Boyd testified that Barlow sustained serious bodily injury. Accordingly, even if the jury chose to disregard Ferguson's testimony regarding Appellant's use of a sword, the jury could reasonably conclude that his fists and feet were capable of causing serious bodily

4

injury.  *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B); *see also* ***Turner v. State***, 664 S.W.2d 86, 90 (Tex. Crim. App. 1983) (fist or hand can become a deadly weapon depending on the manner of use); ***Powell v. State***, 939 S.W.2d 713, 717 (Tex. App.—El Paso 1997, no pet.) (foot can become deadly weapon when used in a manner capable of causing death or serious bodily injury).  Viewing the evidence in the light most favorable to the verdict, the jury could conclude, beyond a reasonable doubt, that Appellant committed the offense of aggravated assault with a deadly weapon.  *See* ***Brooks***, 323 S.W.3d at 899.  We overrule Appellant's first issue.

**ENHANCEMENT ALLEGATION**

In his second issue, Appellant contends that the trial court erred by allowing the State to amend an enhancement paragraph.  He challenges the amendment as untimely and a violation of due process.

**Facts**

The indictment contained two enhancement paragraphs, including the following:

> And it is presented that, prior to the commission of the primary offense, and after the conviction in cause number 6485 was final, the defendant committed the felony offense of aggravated robbery and was finally convicted on the 25th day of January, 2008, in cause number CR-08-7863 in the 273rd Judicial District Court of San Augustine County, Texas.

Trial began on September 8, 2015.  On September 9, the State filed a motion to amend this paragraph, to correct a typographical error, as follows:

> And it is presented that, prior to the commission of the primary offense, and after the conviction in cause number 6485 was final, the defendant committed the felony offense of aggravated assault and was finally convicted on the 25th day of January, 2008, in cause number CR-08-7863 in the 273rd Judicial District Court of San Augustine County, Texas.

The amendment changed the offense from "aggravated robbery" to "aggravated assault." At trial, after both parties rested, the State moved to amend the enhancement paragraph. Appellant objected to the lateness of the amendment.  The trial court permitted the amendment. At the punishment phase of trial, Appellant pleaded "not true" to both enhancement allegations.

**Analysis**

To the extent Appellant challenges the amendment as a violation of due process, his complaint is not preserved because it was not first presented to the trial court. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012). Moreover, enhancement paragraphs need not be alleged with the same particularity as that required when charging the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). A defendant is entitled to a description of the prior conviction such that he may find the record and prepare for trial of the question whether he is the convict named therein. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). The description is intended to give the defendant notice that a greater penalty is being sought, and to enable him to prepare accordingly. *Id*. The pertinent question is whether the defendant "received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

The enhancement paragraph in the original indictment alleged the date of conviction, cause number, and the convicting county and trial court, as well as the fact that the offense was a felony. The record does not indicate that Appellant sought a continuance, appeared surprised by the amended allegation, or argued that he was unprepared to defend against the amended allegation. *See id.*, 324 S.W.3d at 577. The information in the original indictment was sufficient to enable Appellant to find the record of the prior offense and prepare for trial. *See id*; *see also Villescas*, 189 S.W.3d at 292; *Freda*, 704 S.W.2d at 43; *Jones v. State*, 755 S.W.2d 545, 548 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (holding that because original and amended enhancement paragraphs both identified date of conviction, trial court, county, and cause number, appellant had proper notice of prior felony). Thus, we conclude that the trial court did not err by permitting the amendment. We overrule Appellant's second issue.

**DISPOSITION**

Having overruled Appellant's two issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 20, 2016

NO. 12-15-00305-CR

**NEAL JOHN SHELTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of Sabine County, Texas (Tr.Ct.No. 7008)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*