**Affirmed and Memorandum Opinion filed February 25, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00456-CR

**OCTAVIO REYES-GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1538658**

## MEMORANDUM OPINION

Appellant Octavio Reyes-Garcia pleaded guilty to and was convicted of aggravated sexual assault of a child. Appellant was originally charged with continuous sexual assault of a child, but pursuant to an agreement with the State, appellant pleaded guilty to the lesser offense and true to a punishment enhancement allegation based on a prior felony conviction. In two issues, appellant contends that the trial court erred in considering an enhanced punishment range because (1) the State never pleaded the punishment enhancement allegation and (2)

the prior felony conviction was not "shown on the trial" as required by statute because there was no trial in this case. Concluding that appellant failed to preserve his first issue and the guilty plea proceedings here constituted a trial, we affirm.

### *Pleading Requirement*

As stated, appellant was charged by indictment with continuous sexual assault of a child. The indictment did not contain an enhancement paragraph. Pursuant to an agreement with the State, appellant pleaded guilty to aggravated sexual assault of a child and true to a punishment enhancement allegation that he was previously convicted of assault on a public servant. If appellant had been convicted of the original charge of continuous sexual assault of a child, he would have faced a punishment range of 25 years to 99 years or life and would not have been eligible for release on parole. *See* Tex. Gov't Code § 508.145(a); Tex. Penal Code § 21.02(h). The offense that appellant pleaded guilty to, aggravated sexual assault of a child, even enhanced by the prior conviction, carried a lesser punishment range of 15 years to 99 years or life and does not exclude the possibility of being paroled. *See* Tex. Penal Code § 12.42(c)(1); 22.021(e).

Relying on the Court of Criminal Appeals' opinion in *Brooks v. State*, appellant complains, however, that the State never pleaded the punishment enhancement allegation in any form. 957 S.W.2d 30 (Tex. Crim. App. 1997). In *Brooks*, the Court explained that while an enhancement allegation based on a prior conviction "need not be pled in the indictment," it "must be pled in some form." *Id*. at 34. We have previously held, and it appears to be well-established, that a "*Brooks* Notice" complaint must be preserved in the trial court before it can be raised on appeal. *Sanchez v. State*, 595 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also Ex parte Parrott*, 396 S.W.3d 531, 538 n.9 (Tex. Crim. App. 2013) ("An inadequate-notice complaint is forfeited if not

2

preserved at trial."); *Pelache v. State*, 324 S.W.3d 568, 575 (Tex. Crim. App. 2010) (assuming issue was preserved and affirming on the merits); *Ketchum v. State*, 199 S.W.3d 581, 592-93 (Tex. App.—Corpus Christi 2006, pet. ref'd) (holding defendant failed to preserve *Brooks* Notice issue). *See generally* Tex. R. App. P. 33.1(a) (providing that generally, appellate complaints must be preserved in the trial court by a timely and sufficiently specific request, objection, or motion).

Here, appellant did not raise any objection in the trial court to the use of a prior conviction to enhance the punishment range without the enhancement allegation being pleaded in some form. To the contrary, appellant appears to have entered an agreement with the State under which he pleaded guilty to a lesser offense than that in the indictment and true to the enhancement allegation. Appellant has therefore not preserved a *Brooks* Notice complaint for our review. *See Sanchez*, 595 S.W.3d at 335.[1] Accordingly, we overrule appellant's first issue.

---

[1] In his reply brief, appellant argues that the pleading requirement in *Brooks* is a strict mandate and not simply a matter of notice that can be forfeited by inaction. But the Court of Criminal Appeals has explicitly explained that its ruling in *Brooks* was based on due process notice concerns. *See Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006); *see also Ketchum*, 199 S.W.3d at 592 (discussing *Villescas* and *Brooks*). Moreover, as explained above, it is well settled that a *Brooks* Notice issue must be preserved in the trial court. *See, e.g.*, *Sanchez*, 595 S.W.3d at 335; *Ketchum*, 199 S.W.3d at 592-93; *see also Parrott*, 396 S.W.3d at 538 n.9; *Pelache*, 324 S.W.3d at 575. To hold otherwise here would effectively allow appellant to get a second bite at the apple after having agreed to plead guilty to sexual assault of a child and true to the enhancement allegation as part of an agreement with the State.

Appellant additionally suggests that the issue in this case is that the trial court failed to consider the full range of punishment because the range should not have been enhanced in the absence of the enhancement allegation being pleaded in some form. Appellant notes that a court's failure to consider the full range of punishment is a waivable-only complaint that cannot be forfeited merely by inaction, citing *Cabrera v. State*, 513 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). Appellant does not contend, however, that he was not convicted of the prior felony offense that was used to enhance the punishment range, nor does he assert that such conviction could not be used to enhance punishment for aggravated sexual assault of a child. *See generally Garcia v. State*, 549 S.W.3d 335, 344 (Tex. App.—Eastland 2018, pet. ref'd) (explaining that while problems with the pleading of an enhancement allegation must be preserved, a complaint that the record affirmatively reflects the enhancement was improper does

### *"Shown on the Trial"*

In his second issue, appellant contends the trial court erred in considering an enhanced punishment range because the prior felony conviction was not "shown on the trial" as required by Penal Code section 12.42(c)(1), which states in full:

> If it is shown on the trial of a felony of the first degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

Tex. Penal Code § 12.42(c)(1).

Appellant asserts that there was no trial here but cites no authority suggesting that guilty plea proceedings before a trial court are not a trial for purposes of section 12.42(c)(1). To the contrary, the Court of Criminal Appeals has made it clear that guilty plea proceedings are trials under Texas law. *See Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012); *Murray v. State*, 302 S.W.3d 874, 879-880 (Tex. Crim. App. 2009); *see also Kennedy v. State*, 450 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Because the premise of appellant's argument is incorrect, we find no merit in his argument and overrule the second issue.

We affirm the trial court's judgment.

---

not). Appellant's sole complaint here is that the State failed to plead the enhancement allegation in some form; this is a complaint about notice that needed to have been but was not preserved below.

/s/     Frances Bourliot
               Justice

Panel consists of Justices Wise, Bourliot, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).