

# NUMBER 13-24-00537-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT EARLE ALEMAN,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

Appellant Robert Earle Aleman was convicted of possession of less than one gram of a controlled substance in Penalty Group 1, a state jail felony, and sentenced to ten years' confinement as a habitual felony offender. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); *see also* TEX. PENAL CODE ANN. § 12.425. By two issues, appellant contends that his right to confrontation was violated, and that the State did not provide

proper notice of his prior convictions used for punishment enhancement purposes. We affirm.

## I.    CONFRONTATION CLAUSE VIOLATION

By his first issue, appellant contends that his right to confrontation was violated because the witness who testified at trial did not perform the drug test and did not author the lab report that shows that the substance appellant possessed was heroin.

### A.    Applicable Law

The Confrontation Clause of the Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. A Confrontation Clause violation occurs when the trial court admits a lab report containing drug-test results "when the testifying witness explaining the report was merely a surrogate for the lab technician who had performed the test." *Paredes v. State*, 462 S.W.3d 510, 513 (Tex. Crim. App. 2015) (citing *Burch v. State*, 401 S.W.3d 634, 637 (Tex. Crim. App. 2013)). "The admission of a lab report created solely by a non-testifying analyst, without calling that analyst to sponsor it, violates the Confrontation Clause." *Id.* at 517. "For an expert's testimony based upon forensic analysis performed solely by a non-testifying analyst to be admissible, the testifying expert must testify about his or her own opinions and conclusions" and "cannot act as a surrogate to introduce that information." *Id.* at 517–18.

To preserve a Confrontation Clause claim for appeal, the party must have made a timely objection to the complained-of evidence. *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010); *Rojas-Antonio v. State*, ___ S.W.3d ___, ___, Nos. 13-24-00247-CR,

2

13-24-00248-CR, 13-24-00249-CR, 13-24-00250-CR, 2025 WL 1829554, at *4 (Tex. App.—Corpus Christi–Edinburg July 3, 2025, no pet. h.); *see also* TEX. R. APP. P. 33.1(a)(1); TEX. R. EVID. 103. Moreover, the party must have stated the specific ground which rendered the evidence inadmissible, "unless it was apparent from the context." TEX. R. EVID. 103; *see Davis*, 313 S.W.3d at 347; *Rojas-Antonio*, 2025 WL 1829554, at *4; *see also* TEX. R. APP. P. 33.1(a)(1).

## B.     Pertinent Facts

At trial, Jessica Jackson, a forensic scientist, testified without objection that although she did not perform the test of the sample found in a syringe appellant possessed, she was "able to analyze the raw data for the GCMS [gas chromatography-mass spectrometry]." She was able to come to her own "independent conclusion" that "the sample contained heroin" from her independent interpretation of the GCMS's raw data. Appellant did not object to this testimony on any basis. Jackson testified, without objection, that "the weight [of the heroin] was .13 grams." The State passed the witness.

On voir dire examination by defense counsel, Jackson said that she is a "DPS [Department of Public Safety] lab" employee, the person who conducted the test no longer works at the DPS lab, she did not perform the test or see the sample tested, she "looked at the data that was collected off of the sample" by the other employee, and she "came to a conclusion based on that." Finally, Jackson admitted that the sample was not in her possession. Appellant's counsel said, "I would object to the report . . . the lab report, based on the questions here and her answers and that she doesn't have the drug."[1]

---

[1] The State did not offer the objected-to lab report into evidence.

Appellant's counsel said he had no further questions and "pass[ed] the witness."

## C.    Discussion

On appeal, appellant contends that "Jackson's testimony regarding the report violated" his "Sixth Amendment right to confront the witnesses against him because the person who tested the drugs and allegedly prepared the report did not testify at trial." Appellant also asserts that Jackson lacked "personal knowledge of what occurred at this testing, never identified who this technician was, and no reason was provided for the technician's absence besides a change of jobs."

However, appellant did not object to Jackson's testimony in a timely manner on any basis. *See Davis*, 313 S.W.3d at 347; *Rojas-Antonio*, 2025 WL 1829554, at *4; *see also* TEX. R. APP. P. 33.1(a)(1); TEX. R. EVID. 103. Therefore, he has not preserved this issue for appellate review. *See Davis*, 313 S.W.3d at 347; *Rojas-Antonio*, 2025 WL 1829554, at *4; *see also Jackson v. State*, No. 14-24-00241-CR, 2025 WL 1934181, at *2 (Tex. App.—Houston [14th Dist.] July 15, 2025, no pet. h.) (mem. op., not designated for publication) (explaining Confrontation Clause objection was not preserved because the defendant did not object when the witness testified about non-testifying witness's "processes, standard protocols, the way the DNA profiles are generated"); *Gallardo v. State*, No. 07-20-00011-CR, 2021 WL 3478693, at *2 (Tex. App.—Amarillo Aug. 2, 2021, no pet.) (mem. op., not designated for publication) (finding Confrontation Clause issue not preserved as appellant failed to make a timely and specific objection "when . . . [the witness] was parroting a non-testifying declarant").

Appellant argues that he preserved error when he "entered his objection to

4

[Jackson's] testimony regarding the report, [and stated,] 'I would object to the report . . . the lab report, based on the questions here and her answers and that she doesn't have the drug.'"[2] However, defense counsel explicitly identified his complaint as an objection to admission of the lab report, and the trial court construed it as such, but the lab report was not admitted. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The point of error on appeal must comport with the objection made at trial."); *see also Edwards v. State*, No. 13-23-00525-CR, 2024 WL 3819328, at *4 (Tex. App.— Corpus Christi–Edinburg Aug. 15, 2024, no pet.) (mem. op., not designated for publication) (indicating that the trial court explicitly identified the objection as a hearsay objection when it made its ruling and that the appellant "did not seek a ruling on a Confrontation Clause objection"). Therefore, we conclude appellant's objection to the lab report did not preserve his appellate complaints. We overrule appellant's first issue.[3]

## II. PROPER NOTICE OF PRIOR CONVICTIONS

By his second issue, appellant contends that the State did not give him "proper notice of the prior convictions that were used to enhance [his] sentence."

### A. Applicable Law

Due process requires the State to notify a defendant of its intent to enhance punishment so that the defendant may find the record and prepare for trial. *Villescas v.*

---

[2] Jackson testified that the syringe had been emptied during the testing process, and the heroin was not available at trial.

[3] Nonetheless, we note that "[a]n expert witness who offers her opinion based in part on lab work performed by another does not violate the Confrontation Clause." *Paredes v. State*, 439 S.W.3d 522, 525 (Tex. App.—Houston [14th Dist.] 2014), *aff'd*, 462 S.W.3d 510 (Tex. Crim. App. 2015). Here, Jackson testified that she interpreted the raw data from the tests to come to her own independent conclusion that the substance in the syringe was heroin. *See id.* at 527 ("[A] testifying expert may rely on unadmitted data to form an independent opinion without violating the Confrontation Clause.").

*State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006); *Ketchum v. State*, 199 S.W.3d 581, 592 (Tex. App.—Corpus Christi–Edinburg 2006, pet. ref'd). Timely notice of intent to enhance the punishment is required, "but it need not be pled in the indictment itself to be considered proper notice, so long as it is pled 'in some form.'" *Ketchum*, 199 S.W.3d at 592. "[A] defendant's federal constitutional due-process rights are not violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance his punishment with a prior conviction." *Ex parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013) (citing *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010)). We analyze whether the State gave sufficient notice to enhance punishment by reviewing "the record to identify whether appellant's defense was impaired by the timing of the State's notice." *Pelache*, 324 S.W.3d at 577. "When the accused has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies due process." *Ketchum*, 199 S.W.3d at 592. "The trial court may cure the notice problem by granting a continuance." *Id.*

**B.    Discussion**

The record includes the State's notice of intent to enhance appellant's punishment due to habitual status filed on May 12, 2023, which lists the specific offenses, dates of conviction, the cause number for the proceedings, and the courts and counties where the convictions occurred. Appellant's trial began on October 14, 2024, over one year later. Thus, we conclude that appellant had sufficient notice "to make a preparation for a trial of the question of whether he [was] the named convict" for the enhancement offenses. *See Villescas*, 189 S.W.3d at 293.

6

At trial, appellant did not inform the trial court that he had not received notice of the State's enhancement allegations. Moreover, when the trial court asked if any party had objections to the punishment charge, which included the enhancement paragraphs, appellant's counsel stated, "No, Your Honor." Finally, there is nothing in the record showing that appellant's defense was impaired, as he neither denied nor contested the enhancement allegations. Instead, during the State's case in chief, appellant admitted he had been convicted of the prior enhancement allegations.[4] *See Pelache*, 324 S.W.3d at 577. We therefore conclude that appellant's due process rights were not violated by the enhancement of his punishment with his prior convictions. *See id.*; *see also Suarez v. State*, No. 13-17-00085-CR, 2018 WL 1325782, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 15, 2018, no pet.) (mem. op., not designated for publication) (determining that the appellant's due process rights were not violated because his defense had not been impaired, and he admitted the enhancement allegation). We overrule appellant's second issue.

## III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of August, 2025.

---

[4] The jury found the enhancement paragraphs true.

7