

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00175-CR

_____

WILLIAM JOSEPH HARRISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 11F-253-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

OPINION

William Joseph Harrison appeals his conviction for unlawful possession of a firearm by a felon, enhanced by a prior felony conviction. TEX. PENAL CODE ANN. § 46.04 (West 2011). Harrison possessed a firearm when, during an assault on Emily Cochran, his girlfriend,[1] he held a pistol to her forehead and threatened "[t]o blow [her] brains out." As Cochran was leaving the next morning, Harrison fired a shot into the ground near Cochran, causing dirt to fly from the ground and strike Cochran. A jury found Harrison guilty of the weapons possession charge, and Harrison elected to have the trial court assess punishment. The trial court found the enhancement allegation to be true and assessed punishment at twenty years' imprisonment. On appeal, Harrison raises two points: (1) he maintains that the State failed to provide him adequate notice of the intention to seek the enhancement paragraph; and (2) he alleges that the judgment as rendered incorrectly reflects the offense of which he was found guilty and seeks its reformation.

**(1)     Notice of Enhancements as Given Does Not Violate Due Process**

In his first issue, Harrison complains that the State's notice of intent to enhance punishment provided inadequate notice. When Harrison briefed this issue, the document in the record titled "State's Notice of Intent to Seek Enhanced Punishment" failed to allege any prior convictions upon which enhancements could be based. It was apparent that this document was incomplete,

_____

[1]In a companion case, our cause number 06-11-00196-CR, the appeal of which is also decided today, Harrison was convicted of assault (family violence) by occlusion and received a sentence of forty-five years' imprisonment.

missing a page or pages.   After Harrison filed his brief, the record was supplemented[2] and the record now reflects the State's Notice alleged the following prior conviction:

> Specifically the State intends to present evidence that prior to the commission of the aforesaid offense, **WILLIAM JOSEPH HARRISON**, was finally convicted of the felony offense of **BURGLARY OF HABITATION** in the 5th District Court of Cass County, Texas, in cause number 96-F-008, on September 13th, 2001.

At the punishment hearing, the following enhancement allegation[3] was read:

> Prior to the commission of the aforesaid offense, William Joseph Harrison, was finally convicted of the felony offense of burglary of a habitation in the 5th District Court of Cass County, Texas, in Cause Number 96F-008 on September 13th, 2001.

Harrison entered a plea of "not true" to this enhancement paragraph but lodged no objection to any lack of notice when the enhancement allegation was read.   When the State introduced a copy of the above-mentioned judgment, Harrison's sole objection was that the copy amounted to hearsay.[4]

The State argues this issue has not been preserved for appellate review.   Harrison cites *Luken v. State*, 780 S.W.2d 264, 267 (Tex. Crim. App. 1989), for the proposition that an objection is not required.   We note that this Court has questioned the continued validity of *Luken* in light of the Texas Court of Criminal Appeals opinion in *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *modified in part by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

---

[2]We provided both Harrison and the State with notice of this supplementation and the opportunity to file a supplemental brief, if desired.

[3]We note this prior felony conviction is different from the prior felony conviction used as an element of the primary offense—an Arkansas conviction for possession of a controlled substance.

[4]Harrison claimed the judgment does "not appear to be a self-authenticated judgment."   The trial court overruled the objection and Harrison has not argued the judgment was incorrectly admitted into evidence on appeal.

3

*See Nelson v. State*, No. 06-09-00184-CR, 2010 Tex. App. LEXIS 4908 (Tex. App.—Texarkana June 29, 2010, no pet.) (mem. op., not designated for publication). *Marin* held "our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Marin*, 851 S.W.2d at 279. Harrison has not directed us to any authority indicating that the notice of enhancement allegations, in a situation where the defendant was clearly on notice that an enhancement was being pursued, cannot be forfeited. We conclude Harrison forfeited any error by not objecting in the trial court.

Even if the issue had been preserved, we would find the notice provided in the enhancement allegation was sufficient. Although enhancements must be pled "in some form," there is no requirement that they be pled in the indictment. *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997). The Texas Court of Criminal Appeals has disavowed any "special significance to the time period of ten days" and held the determination of whether adequate notice was given (an issue of constitutional due process) does not require that the notice be given within a particular time period, noting that "due process does not even require that the notice be given before the guilt phase begins, much less that it be given a number [of] days before trial." *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). When the defendant offers no defense to the enhancement allegations and does not request a continuance in order to prepare a defense, notice given at the beginning of the punishment phase satisfies due process. *Id*. at 294–95 (citing

4

*Oyler v. Boles*, 368 U.S. 448 (1962)). In making our determination, we must "look to the record to identify whether appellant's defense was impaired by the timing of the State's notice." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

Similar to *Villescas* and *Oyler*, Harrison neither objected at trial to the lack of notice nor requested a continuance. Although Harrison pled not true to the enhancement allegation,[5] he has not alleged any defense to the enhancement allegations, either at trial or on appeal, that he was prevented from developing by reason of the failure of more notice. By failing to request a continuance, appear surprised by the allegations, or argue that he was unprepared to defend against the prior conviction allegations, Harrison has failed to establish that the notice provided in the State's Notice of Intent to Seek Enhanced Punishment or the notice provided at the beginning of the punishment phase failed to satisfy due process.

We overrule Harrison's first issue.

**(2) The Original Judgment Must Be Modified**

In his second issue, Harrison requests this Court to modify the judgment to reflect the correct degree of the offense, i.e., that the true judgment should reflect that he was convicted of a third-degree felony with the penalty enhanced due to one prior felony conviction. The judgment indicates that Harrison was convicted of a second-degree felony.[6] The offense with which he was

---

[5]In *Villescas*, the defendant pled true to the allegations. *See Villescas*, 189 S.W.3d at 294.

[6]Due to the enhancement, the applicable punishment range was that of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2011).

charged was possession of a firearm by a felon, a crime that is a third-degree felony.   TEX. PENAL

CODE ANN. § 46.04.   After Harrison filed his brief, the State filed a motion requesting the entry of

a judgment nunc pro tunc, correcting the judgment to read as Harrison now asserts it should.   On

March 8, 2012, the trial court signed a judgment nunc pro tunc designating that Harrison was

convicted of a third-degree felony enhanced by one prior conviction.[7]

On appeal, the State argues that the judgment nunc pro tunc validly corrected a clerical

error and, therefore, there is no reason for us to reform the judgment.[8]   The State argues that the

error was clerical because it was not the result of judicial reasoning and did not affect the range of

punishment.

A trial court may not render a judgment nunc pro tunc after the appellate record is filed in

the court of appeals.   Rule 25.2(g) provides, "Once the record has been filed in the appellate court,

all further proceedings in the trial court—except as provided otherwise by law or by these

rules—will be suspended until the trial court receives the appellate-court mandate."   TEX. R. APP.

P. 25.2(g).   At the time the proposed nunc pro tunc order was entered (March 8, 2012), the

---

[7]We note the State attached the judgment nunc pro tunc to its brief as an exhibit.   Attaching a document to an appellate brief is not a permissible method of supplementing an appellate record.   "We cannot consider documents, that are not part of the record, attached as appendices to briefs."   *Paselk v. Rabun*, 293 S.W.3d 600, 612 n.12 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).   Because this Court has a concurrent obligation with the parties to ensure the record is filed, we requested a supplementation from the district clerk.   *See* TEX. R. APP. P. 35.3.

[8]We note that the attempt at correcting the error via the entry of a nunc pro tunc order would have failed to fully correct the original, even if it had been validly entered.   The attempted nunc pro tunc judgment recites the conviction to be a second-degree felony offense, when it should have been shown as a third-degree felony offense enhanced to the punishment grade of a second-degree felony.

6

appellate record had already been received by this Court (December 8, 2011). Accordingly, the trial court no longer had jurisdiction to enter the proposed nunc pro tunc judgment; the proposed nunc pro tunc order is void. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (findings of fact and conclusions of law entered after appellate record filed were void).

This Court possesses the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *see* TEX. R. APP. P. 43.2(b). We modify the judgment to provide that Harrison was convicted of a third-degree felony with the penalty enhanced by the two prior convictions.

We modify the judgment to provide Harrison was convicted of a third-degree felony, enhanced as to punishment to the level of a second-degree felony grade and, as modified, we affirm.


Bailey C. Moseley
Justice

Date Submitted:     April 10, 2012
Date Decided:       May 18, 2012

Do Not Publish

7