

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00503-CR

ANTHONY GEORGE HANNON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty to one count of theft over $20,000 but less than $100,000 and his pleas of true to enhancement paragraphs, a jury convicted Appellant Anthony George Hannon of the charged offense and assessed his punishment at ninety years' confinement. The trial court sentenced him accordingly. In two issues, Appellant contends that the trial court erred by denying his objection to the jury charge and that he received ineffective

---

[1]*See* Tex. R. App. P. 47.4.

assistance of counsel at trial. Because the trial court did not err by denying Appellant's objection to the jury charge and because Appellant has failed to sustain his burden to prove ineffective assistance of counsel at trial, we affirm the trial court's judgment.

**Facts**

On February 2, 2011, Appellant was indicted on one count of theft over $20,000 but less than $100,000. The indictment contained an enhancement paragraph alleging that he had previously been convicted of possession of four grams or more but less than two hundred grams of cocaine and that the conviction had become final before the commission of the theft.

At his arraignment on March 1, 2011, Appellant pled not guilty. On August 10, 2011, the State filed a notice of enhancement, stating that it intended to use five prior convictions (including the conviction previously alleged in the enhancement paragraph in the indictment) to elevate the punishment range for the third-degree felony theft offense to that of a habitual felony offender. The notice then listed the five prior convictions that the State intended to use. Each paragraph stated that the conviction "became final before the commission of the aforesaid offense." At his trial on October 18, 2011, Appellant changed his plea to guilty. He pled true to the enhancement paragraph in the indictment and to the enhancement paragraphs alleged in the notice of enhancement.

Appellant elected to have his punishment determined by a jury. At the charge conference, Appellant objected "to the Court's entire charge on

punishment," arguing that he had not been given notice "that the Court could submit a charge of 25 to life under the habitual [offender] provision of the Penal Code." Appellant then elaborated,

> Specifically, Your Honor, the allegations that are made on the notice of enhancement fail to allege in any specificity that—each of those enhancements, and the same objection would apply to each one, Your Honor, that it was—had become final before the commission of the offense before it. They all refer to they became final before the commission of the aforesaid offense to the primary charge in the indictment.
>
> Your Honor, we believe that failure to allege the consecutive nature or that one became final before commission of the prior offense that's alleged as the enhancement fails to give the defense notice that the provisions of the Penal Code and intention to enhance to 25 to life are effective.
>
> Because of failure of those two, Your Honor, the notice of enhancement and the indictment taken in whole, we object to the submission of the Court's charge on punishment as provided to counsel.
>
> Specifically, Your Honor, we think the appropriate charge would contain a—under the pleas would contain, Your Honor, an instruction to the jury that this is a third degree felony enhanced to a second with a primary—appropriate punishment range, Your Honor, of 2 to 20 and up to a $10,000 fine, that being because a third degree felony being alleged and pled to with the enhancement count would elevate an enhancement to a second degree only. So we have that objection to the Court's charge on punishment.

The trial court overruled the objection.

3

**Charge Error**

In his first issue, Appellant argues that the trial court improperly instructed the jury on the range of punishment for a habitual offender and improperly allowed the jury to assess his sentence under the habitual offender provision because neither the indictment nor the enhancement notice informed him that "the Court could submit a charge of 25 to life under the habitual [offender] provision of the Penal Code." Appellant also argues that "there is no evidence to show that the offenses were committed and became final in the proper sequence . . . ."

The State's notice of enhancement provided that the State sought to sentence Appellant as a habitual felon. Appellant pled true to each of the enhancements. Appellant's three penitentiary packets were admitted into evidence to show that he had been convicted of those offenses contained in the penitentiary packets and had been to the penitentiary at least three times in the past. The State also proved the sequence of convictions. Additionally, the trial court instructed Appellant on the habitual range of punishment. Appellant did not claim surprise and did not ask for a continuance.

Appellant argues that each of the enhancement allegations provided that the enhancement provision became final prior to the commission of "the aforesaid offense," and that the offense referred to as "the aforesaid offense" could be only the new offense for which Appellant was on trial. Appellant is

correct that the enhancement notice lists the enhancement offenses in reverse order. This court has held, however, that

> [b]ecause it was not necessary for the State to allege the dates on which the enhancing convictions became final or the sequence of the enhancing convictions, the indictment[']s nonsequitur allegation that the 2003 DWI conviction was final before the commission of the 1998 assault is immaterial. The enhancement allegation[]s recited the counties, courts, cause numbers, and dates of conviction for both enhancements; this was sufficient to enable [defendant] to find the record and prepare for trial regarding whether he is the convict named in the convictions.[2]

It is therefore likewise of no consequence that the enhancement offenses were not listed in proper sequential order in the case before us. Nor did Appellant claim surprise at trial when the jury was instructed on habitual offender punishment. Appellant received ample notice from the State (more than two months) and the trial court that the State would seek to punish him as a habitual offender.[3]

Finally, if his complaint is that the evidence is insufficient to prove him guilty as a habitual offender, we disagree. Appellant correctly argues that section 12.42(d) of the penal code requires the State to prove a particular chronological sequence of convictions: The first conviction becomes final, the offense leading to a later conviction is committed, the later conviction becomes final, and the

---

[2]*Derichsweiler v. State*, 359 S.W.3d 342, 350 (Tex. App.—Fort Worth, no pet.).

[3]*See Pelache v. State,* 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

offense for which the defendant presently stands accused is committed.[4] Having closely reviewed the entire record, we hold that the evidence sufficiently proves the appropriate chronological sequence of convictions.

At the beginning of the punishment phase of his trial, Appellant acknowledged all five of the prior convictions used for enhancement and entered his pleas of true to five prior felony convictions contained in three separate penitentiary packets that were admitted into evidence. He acknowledged that he could be sentenced to a term of twenty-five years up to ninety-nine years or life imprisonment if the State proved the convictions in the appropriate sequence. The record reflects that the State proved the prior convictions at trial and that they are properly sequenced.

Because Appellant had ample notice that the State would seek to prove that he was a habitual offender and pled true to the enhancement allegations and because the State additionally proved that he was a habitual offender, we hold that the trial court did not err by overruling Appellant's objection to the jury charge. Consequently, there is no need for a harm analysis.[5] We overrule Appellant's first issue.

---

[4]*See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011); *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009).

[5]*See Throneberry v. State*, 109 S.W.3d 52, 60 (Tex. App.—Fort Worth 2003, no pet.).

**Ineffective Assistance of Counsel**

Appellant frames his second issue as a general claim of ineffective assistance of counsel. Specifically, he states, "APPELLANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL." Essentially, he argues generally that trial counsel made bad decisions and failed to act at various times during trial and thereby hampered Appellant's chances of success at trial. Appellant claims that trial counsel did not acquaint himself with the facts of the case "as his cross examination of all witness [sic] was sorely lacking." Appellant also contends, "Had defense counsel acquainted himself with the facts of the case, he would not have advised Appellant to plead guilty. There was a potential unlawful search issue that defense counsel failed to investigate prior to trial and failed to thoroughly examine while taking the witness on voir dire." Appellant also points out that trial counsel filed no pretrial motions.

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[6]

---

[6]*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[7] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[8] Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation.[9] A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.[10] "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."[11] To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."[12] It is not appropriate for

---

[7] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[8] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

[9] *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

[10] *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14.

[11] *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

[12] *Id.* (quoting *Thompson*, 9 S.W.3d at 813).

an appellate court to simply infer ineffective assistance based upon unclear portions of the record.[13]

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial with a reliable result.[14]   In other words, an appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[15]   A reasonable probability is a probability sufficient to undermine confidence in the outcome.[16]   The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.[17]

The evidence showed that Appellant and two friends stole an El Camino in Fort Worth, drove to Granbury, used the vehicle to smash through the front window of the First National Bank of Granbury, stole the ATM machine out of the bank, and put it into the back of the stolen El Camino.   The break-in was captured on the bank surveillance video.   After a high-speed chase, the El Camino crashed, and the men ran.   As Appellant ran, he jumped over a fence

---

[13]*Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[14]*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

[15]*Id.* at 694, 104 S. Ct. at 2068.

[16]*Id.*

[17]*Id.* at 697, 104 S. Ct. at 2070.

and hurt his leg, allowing peace officers to capture him. Inside Appellant's truck parked near the bank, the officers found a list of addresses of banks that they suspected were targets for possible burglaries.

The trial court thoroughly admonished Appellant regarding his right to a trial and the consequences of pleading guilty and of pleading true to the enhancement counts. Appellant had an extensive criminal record, and the evidence of his guilt was overwhelming.

Appellant filed a motion for new trial, but alleged only that the verdict was contrary to the law and the evidence. He did not raise ineffective assistance of counsel, nor did he inquire regarding trial counsel's trial preparation or strategy. From our review of the record, trial counsel's strategy appears to have been to have Appellant assume responsibility for his actions, of which there was overwhelming evidence, and to ask for mercy by putting on evidence of Appellant's good character and the fact that family members needed him to care for them.

Applying the appropriate standard of review, we hold that Appellant has failed to sustain his burden of showing that trial counsel rendered ineffective assistance. We overrule Appellant's second issue.

**Conclusion**

Having overruled Appellant's two issues on appeal, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 14, 2012