PD-0842-15 & PD-0843-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/27/2015 8:44:42 AM
Accepted 7/28/2015 2:33:45 PM
ABEL ACOSTA
CLERK

*Oral argument requested*

**PD-0842-15 & PD-0843-15**

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# GEORGE CONTRERAS
*APPELLANT*

vs.

# THE STATE OF TEXAS
*APPELLEE*

---

FROM THE FIFTH COURT OF APPEALS
Cause Nos. 05-13-00752-CR & -53-CR

APPEAL FROM THE 282ND DISTRICT COURT OF DALLAS
COUNTY, TEXAS, CAUSE NOS. F-1231118-S & -19-S

---

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

July 28, 2015

ABEL ACOSTA, CLERK

## Ground for Review

In determining whether the timing of the State's notice of an enhancement allegation impaired the ability to present a defense, should a court of appeals (1) consider whether defense counsel asked for more time, as this Court instructed in *Villescas*; or (2) just make its own evaluation as to how much time was needed?

# Table of Contents

Ground for Review ......................................................................................... 2

Index of Authorities ..................................................................................... 4

Identity of Parties and Counsel .................................................................. 5

Statement Regarding Oral Argument ........................................................ 6

Statement of the Case and Procedural History ........................................ 7

Argument ....................................................................................................... 9

    In determining whether the timing of the State's notice of an
    enhancement allegation impaired the ability to present a defense, a
    court of appeals should consider whether defense counsel asked for
    more time, as this Court instructed in *Villescas*—not just make its
    own evaluation as to how much time was needed. ................................. 9

Prayer .......................................................................................................... 17

Certificate of Service .................................................................................. 19

Certificate of Compliance .......................................................................... 19

Appendix ...................................................................................................... 20

# Index of Authorities

Cases

*Arredondo v. State*, No. 05-08-00477-CR, 2009 WL 901980, *1 (Tex. App.—Dallas 2009, no pet.) ............................................................... 14

*Callison v. State*, 218 S.W.3d 822, 825–26 (Tex. App.—Beaumont 2007, no pet.) .................................................................................... 14

*Contreras v. State*, No. 05-13-00752-CR, 2015 WL 3554086 (Tex. App.—Dallas 2015) ............................................................... 8, 11, 12

*Davis v. Ayala*, 135 S. Ct. 2187, 2201 (2015) ........................................... 16

*Hernandez v. New York*, 500 U.S. 352, 365 (1991) .................................. 16

*Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, *2 (Tex. App.—Tyler 2009) .................................................................... 15

*Ketchum v. State*, 199 S.W.3d 581, 593 (Tex. App.—Corpus Christi 2006, pet. ref'd) ..................................................................... 13

*Majors v. State*, No. 07-07-0259-CR, 2008 WL 5401593, *7 (Tex. App.—Amarillo 2008, pet. ref'd) ........................................... 13

*Morgan v. State*, No. 12-06-00226-CR, 2009 WL 2767300, *5 (Tex. App.—Tyler 2009, pet. ref'd, untimely filed) ....................... 14

*Pelache v. State*, 324 S.W.3d 568 (Tex. Crim. App. 2010) ....................... 12

*Ruth v. State*, No. 13-11-00385-CR, 2012 WL 3755607, *5 (Tex. App.—Corpus Christi 2012, pet. ref'd) ......................................... 13

*State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) .................... 15

*Villescas v. State*, 189 S.W.3d 290 (Tex. Crim. App. 2006) ............... 11, 12

*Wainwright v. Witt*, 469 U.S. 412, 428 (1985) ......................................... 16

Statutes

TEX. HEALTH & SAFETY CODE § 481.112 ............................................. 7, 12

TEX. HEALTH & SAFETY CODE § 481.121 ................................................... 7

Rules

TEX. R. APP. P. 21.8 .................................................................................... 8

## Identity of Parties and Counsel

For Appellant George Contreras:

    EDWARD P. SHOEMAKER
       *Trial counsel of record*
    LAW OFFICE OF EDWARD P. SHOEMAKER
    705 Ross Avenue
    Dallas, Texas 75202

    BRUCE ANTON
    BRETT ORDIWAY
       *Appellate counsel of record*
    SORRELS, UDASHEN & ANTON
    2311 Cedar Springs, Suite 250
    Dallas, Texas 75201

For Appellee the State of Texas:

    ANDREW NOVAK
       *Trial counsel of record*
    DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
    133 North Riverfront Boulevard
    Dallas, Texas 75207

    GRACE E. SHIN
       *Appellate counsel of record*
    DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE

Trial Court:

    THE 282ND DISTRICT COURT OF DALLAS COUNTY
    THE HONORABLE ANDY CHATHAM PRESIDING

## Statement Regarding Oral Argument

The Dallas Court of Appeals in this case ignored this Court's precedent and created a new test for evaluating whether the State's notice of an enhancement allegation gave the defense sufficient time to prepare a defense. Contreras believes oral argument would be useful to this Court's understanding as to how.

## Statement of the Case and Procedural History

Following a month-long investigation in which the police made controlled purchases of methamphetamine at a Grand Prairie residence, officers obtained a search warrant for the property. (RR4: 63-71). Immediately before it was to be executed, however, Contreras left the home in a vehicle driven by another individual. (RR5: 137). The officers stopped them, and found a methamphetamine pipe and cash on Contreras's person. (RR5: 146). At the home, officers discovered methamphetamine, marijuana, weapons, and drug ledgers attributable to Contreras. (RR4: 80, 81, 138-141, 145,170; RR5: 97).

Contreras was indicted for possessing, while intending to deliver, methamphetamine in an amount over four grams but less than 200 grams, and possessing marijuana in an amount over four ounces but less than five pounds. *See* TEX. HEALTH & SAFETY CODE § 481.112(d); TEX. HEALTH & SAFETY CODE § 481.121(b)(3); (CR1: 8; CR2: 8).[1] The indictments further alleged Contreras possessed the substances within 1,000 feet of property leased to a school or school board, and that

---

[1] "CR1" refers to the methamphetamine charge, F-1231118. "CR2" refers to the marijuana charge, F-1231119.

Contreras used or exhibited a firearm during the commission of the offenses. (CR1: 8; CR2: 8). Ten days before trial, however, the State revised its allegation to instead contend Contreras was within 1,000 feet of a playground. (CR1: 56; CR2: 54). After Contreras unsuccessfully objected that he did not have sufficient notice of the amended allegation, he pleaded not guilty and not true and a jury trial was held from May 14, 2013, through May 22, 2013. (RR1: 3-6; RR2: 30-36; RR4: 52-53). The jury ultimately found Contreras guilty, and that the offenses were committed in a drug-free zone, and assessed punishment at fourteen years' imprisonment for the methamphetamine charge and four years' imprisonment for the marijuana charge. (RR9: 129-131).

Contreras filed a notice of appeal and a motion for new trial on May 23, 2013, the latter of which was overruled by operation of law. (CR1: 100-101; CR2: 96-97); *see* TEX. R. APP. P. 21.8. The Dallas Court of Appeals overruled Contreras's appeal and affirmed his conviction in an opinion released on June 8, 2015. *Contreras v. State*, No. 05-13-00752-CR, 2015 WL 3554086 (Tex. App.—Dallas 2015). No motion for rehearing was filed.

## Argument

In determining whether the timing of the State's notice of an enhancement allegation impaired the ability to present a defense, a court of appeals should consider whether defense counsel asked for more time, as this Court instructed in *Villescas*—not just make its own evaluation as to how much time was needed.

## I

A mere ten days before trial, the State revised the enhancement allegation in the indictment to contend Contreras was within 1,000 feet of a playground, not a school. (CR1: 56; CR2: 54). The State only attempted to alert Contreras's trial counsel six days prior to trial, though, and the e-mail by which the State attempted to notify Contreras's counsel of the change did not contain the intended attachment. (RR2: 31). The State did not provide actual notice until jury selection was set to begin. (RR2: 30).

The trial court agreed to quash the original jury panel and give Contreras's counsel the afternoon to "scout that out." (RR2: 32). But counsel objected that, even accounting for that accommodation, he had not received sufficient notice. (RR2: 35-36). He explained that he had

9

spent significant time preparing to dispute the allegation as to the original location, and that he was not prepared to do the same for the playground. (RR2: 35-36). The court nonetheless told him it was "inclined" to overrule his objection, and Contreras's trial proceeded the following day. (RR1: 3-6; RR2: 30-36; RR4: 52-53).

Before the State rested, Contreras's counsel again urged that he had received insufficient notice of the enhancement allegation, asking it to be excluded, but the court again overruled the objection. (RR6: 43-44). The jury then found Contreras guilty of both counts and, after later finding the special issues to be true, assessed punishment at fourteen years' imprisonment for the methamphetamine charge and four years' imprisonment for the marijuana charge. (RR9: 129-131); (CR1: 91; CR2: 83).

On appeal to the Fifth Court of Appeals, Contreras argued that the trial court erred in finding that the State provided sufficient notice that it intended to enhance Contreras's punishment. (Ap. Br. at 9-14). Contreras's trial counsel repeatedly objected that, because of the late notice, he was unprepared to defend the allegation. (Ap. Br. at 12). And

this Court, in *Villescas v. State*, 189 S.W.3d 290 (Tex. Crim. App. 2006), held that notice satisfies due process requirements when a defendant has no defense to a sentence enhancement allegation *and* has not suggested the need for a continuance in order to prepare one.

The court of appeals nonetheless rejected Contreras's appeal and affirmed his conviction. *Contreras v. State*, No. 05-13-00752-CR, 2015 WL 3554086, *2 (Tex. App.—Dallas 2015). And for just one reason. The court determined that, in light of the timing of the notification, "[e]ven if Contreras had a defense to the drug-free zone allegation, he had sufficient time to develop that defense." *Id.*

## II

The court of appeals resolved the issue, then, by making its own determination as to whether counsel needed more time than he was given.[2] Unsurprisingly, the court cited to absolutely nothing in support.

---

[2] In full, the court's analysis was:

> Contreras's counsel was notified six days prior to the beginning of trial that the State intended to seek a punishment enhancement based on distance of the offenses to a playground. Additionally, the trial court quashed the original jury panel and recessed for the purpose of allowing Contreras's counsel to visit the location of the playground, which he did. Voir dire did not begin again until May 15, 2013. Finally,

11

Not a single case or statute. *See id.* For, this Court, and the courts of appeals, have consistently held that reviewing courts are to consider whether *counsel* says he needs more time, not make the determination independently.

This Court's seminal modern opinion on the issues is *Villescas.* 189 S.W.3d 290. In that case, this Court determined that notice was a due process issue and, therefore, of a constitutional nature. *Id.* at 294. This Court then decided that notice given prior to the beginning of the punishment phase satisfies the federal constitutional due process requirement "when a defendant has no defense to the enhancement allegation *and* has not requested a continuance." *Id.* (emphasis added).

This Court then re-affirmed as much four years later, in *Pelache v. State*, 324 S.W.3d 568 (Tex. Crim. App. 2010). There, this Court utilized the *Villescas* test in evaluating whether notice was sufficient,

Contreras's counsel did not rest his case until May 20, 2013, nearly two weeks after he originally was notified of the Notices and one week after he received paper copies of the Notices. Contreras's counsel had sufficient time to investigate whether the playground was within 1,000 feet of the site of the offense and to develop a defense to the drug-free zone allegations.

*Contreras*, 2015 WL 3554086 at *2.

12

remarking: "In fact, we have held that 'when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution.'" *Id.* at 577.

The courts of appeals have not hesitated to follow suit. In *Ruth v. State*, No. 13-11-00385-CR, 2012 WL 3755607, *5 (Tex. App.—Corpus Christi 2012, pet. ref'd), the court held that the amended enhancement notice "was inadequate and unreasonable in light of counsel's repeated requests for a continuance in order to prepare a defense to the amended enhancement paragraphs." And in scores of other cases, the courts have affirmed convictions precisely because counsel did not protest. *See, e.g., Ketchum v. State*, 199 S.W.3d 581, 593 (Tex. App.—Corpus Christi 2006, pet. ref'd) ("Even assuming he preserved error, Ketchum did not state that a continuance was necessary to discover or prepare a defense and, accordingly, he received the notice minimally required to satisfy due process."); *Majors v. State*, No. 07-07-0259-CR, 2008 WL 5401593, *7 (Tex. App.—Amarillo 2008, pet. ref'd) ("…it appears to this court that appellant's position is exactly the same as that described in *Villescas*.

Appellant did not request a continuance and had no defense to the second enhancement paragraph. Therefore, the notice given appellant before the beginning of the punishment hearing was sufficient."); *Callison v. State*, 218 S.W.3d 822, 825–26 (Tex. App.—Beaumont 2007, no pet.) (defendant was not denied right to adequate notice when he failed to request additional time to prepare his defense after receiving notice of the State's intent to enhance his punishment); *Arredondo v. State*, No. 05-08-00477-CR, 2009 WL 901980, *1 (Tex. App.—Dallas 2009, no pet.) ("In these cases, appellant asserted no defense to the enhancement allegation and pleaded true to the prior conviction alleged in the enhancement paragraph. He did not move for a continuance or suggest a continuance was necessary to discover or prepare a defense. Under these facts and circumstances, we conclude constitutionally adequate notice was given by the State when, three days before trial, it filed notice of its intent to enhance appellant's punishment in each case with a prior felony conviction."); *Morgan v. State*, No. 12-06-00226-CR, 2009 WL 2767300, *5 (Tex. App.—Tyler 2009, pet. ref'd, untimely filed) ("Here, Appellant did not request a continuance and pleaded true to the

14

enhancement allegations contained in the *Brooks* notice. Therefore, the timing of the notice was acceptable."); *Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, *2 (Tex. App.—Tyler 2009) ("Appellant did not request a continuance or additional time to prepare and has not shown that he was prejudiced by the amount of notice he did receive. Accordingly, and while not endorsing the method of providing notice the State used in this case, we hold that Appellant received sufficient notice prior to trial of the enhancements the State would seek.").

Tying the inquiry to counsel's attestation makes sense. For, under the alternative standard employed by the Dallas Court of Appeals in this case, where courts of appeals make their own determinations notwithstanding counsel's input, the courts are implicitly evaluating the credibility of defense counsel. And appellate courts are poorly positioned to do so. *See, e.g., State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) ("When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a de novo review of the issue.").

15

Credibility judgments lie "'peculiarly within a trial judge's province.'" *Hernandez v. New York*, 500 U.S. 352, 365 (1991) (plurality opinion) (quoting *Wainwright v. Witt*, 469 U.S. 412, 428 (1985)). Just as "Appellate judges cannot on the basis of a cold record easily second-guess a trial judge's decision about [an attorney's] motivation" in striking a juror, neither can an appellate court confidently determine whether an attorney is lying about needing a continuance to to recently added enhancement allegations. *Davis v. Ayala*, 135 S. Ct. 2187, 2201 (2015).

The Dallas Court of Appeals in this case, then—in ignoring counsel's protestations otherwise and affirming Contreras's conviction because, in the court's opinion, counsel had time to develop a defense—based its decision on an entirely inappropriate analysis. As this Court has held, repeatedly, and the other courts of appeals have had no difficulty following, notice of enhancement allegations satisfies the federal constitution when a defendant has no defense to the enhancement allegation *and* has not suggested the need for a continuance in order to prepare one.

16

On this basis, alone, then, this Court should grant this petition so that it may reverse the court of appeals's decision and remand this case to that court with instructions to conduct the proper analysis. But because the record so plainly shows that counsel *did* request additional time to prepare a defense, in the interests of judicial economy this Court should simply grant this petition so that it may reverse the judgment of the court of appeals and remand this case to that court to consider whether Contreras was harmed by the trial court's error.

## Prayer

Accordingly, Contreras respectfully requests this Court to grant this petition so that it may reverse the court of appeals's judgment and remand this case to that court to conduct a harm analysis.

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com

17

_____/s/ Brett Ordiway_____

BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road
Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

Attorneys for Appellant

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was electronically served to the Dallas County District Attorney's Office and State Prosecuting Attorney on July 27, 2015.

/s/ Bruce Anton
Bruce Anton

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this brief contains 1,861 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.

/s/ Bruce Anton
Bruce Anton

19

# Appendix



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00752-CR

No. 05-13-00753-CR

**GEORGE CONTRERAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1231118-S & F-1231119-S**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Stoddart

A jury convicted George Contreras of possession with an intent to deliver methamphetamine and possession of marijuana and found the offenses were committed in a drug-free zone. The jury assessed punishment of fourteen years' confinement and a $10,000 fine for the methamphetamine offense, cause number 05-13-00752-CR, and four years' confinement and a $10,000 fine for the marijuana offense, cause number 05-13-00753-CR. In a single issue, Contreras argues the State failed to timely notify him of amended punishment enhancement allegations. In a single cross-issue, the State argues the judgment should be reformed to reflect the fine orally pronounced by the trial court in cause number 05-13-00753-CR. We affirm the

---

[1] Justice Bill Whitehill succeeded Justice Kerry FitzGerald, retired. Justice Whitehill has read the briefs and reviewed the record and now serves as a member of the panel.

trial court's judgment in cause number 05-13-00752-CR. We modify the trial court's judgment in cause number 05-13-00753-CR, and affirm as modified.

Contreras was indicted for possession of methamphetamine with an intent to deliver and possession of marijuana. Both indictments alleged the offenses were committed "in, on, or within 1,000 feet of any real property that is owned, rented or leased to a school or school board." Before trial, the State filed a Notice of Intent to Seek Finding of Offense Committed in Drug-Free Zone in each cause number (Notice). Each Notice reflected the State's intention to offer evidence "that the offense charged in the indictment was committed in, on, or within 1,000 feet of a playground." On appeal, Contreras argues the State failed to timely provide the Notices to him.

On Tuesday, May 7, 2013, six days prior to trial, the State filed the Notices in OnBase, the electronic case management system for Dallas County's criminal courts. Each Notice included a signed certificate of service stating: "[A] copy of this motion was emailed to attorney for [Contreras], on May 7, 2013." The State emailed the Notices to Contreras's counsel; the subject line of the email was: "motions service including amended dfz motion and dfz motion on the PCS Meth case." Contreras's counsel was able to read the subject line of the email, but stated he was unable to open the attachment with the electronic copies of the Notices.

On Monday, May 13, 2013, jury selection began and the State provided Contreras's counsel with paper copies of the Notices. Counsel complained about receiving the Notices on the first day of trial. Responding to his concerns, the trial court stated it would quash the jury panel and instructed the parties to return the following morning for jury selection. The trial court stated he would delay the trial to "give [counsel] an opportunity to this afternoon . . . to scout" out the location of the playground alleged in the Notices.

The following day, May 14, 2013, the trial court began jury selection again with a new venire. On May 15, 2013, Contreras's counsel again complained the Notices were not provided to him in a timely fashion. In response, the State provided a printout from OnBase showing the Notices were filed on May 7, as well as the email sent to Contreras's counsel. While acknowledging the State's assertion that the Notices were filed in OnBase on May 7, 2013, and that he received an email from the State about the Notices, Contreras's counsel again argued he was unable to open the attachment to the email and, therefore, did not receive timely notice. Contreras's counsel requested a ten-day continuance "so that I can prepare an expert to go out and measure that [the distance between the playground the site of the offense] myself. . . I think the exact distance is something that can be in dispute." The trial court stated: "I did dismiss the jury panel mid-afternoon Monday [when] this first flared up and - - I think I said so probably give [sic] you an opportunity to make more investigation on the school zone site overnight. You represented, I believe, you had already been out there to the location." Counsel agreed he visited the location. The trial court continued: "And so I recessed, gave you that opportunity to do that. So that was the purpose behind that, obviously." The trial court did not grant a continuance.

Contreras's two cases were tried together. The guilt-innocence stage of trial began on May 15, 2013, and concluded on May 20, 2013, recessing two days for the weekend. At trial, the State presented evidence concerning the proximity between the house where Contreras conducted drug sales and the playground. After the State rested its case-in-chief, Contreras's counsel re-urged his objection to the timeliness of the Notices for the third time. He also requested the trial court exclude the special issue asking the jury to determine whether Contreras committed the offenses within 1,000 feet of a playground from the jury charge. The trial court overruled the objection. The jury found Contreras committed the offenses within 1,000 feet of a playground.

In a single issue, Contreras argues the State failed to timely notify him of its amended enhancement allegations, which impaired his defense. While the indictment alleged the offenses were committed within 1,000 feet of property owned, rented, or leased to a school or school board, the Notices alleged the offenses were committed within 1,000 feet of a playground. A school and a playground are drug-free zones. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West Supp. 2014). When certain offenses are committed in drug-free zones, punishment may be enhanced. *See id*. The Texas Health and Safety Code does not specify when a notice of intent to seek a drug-free zone finding must be given or the required manner of notice. *See id*.

The record shows the State filed its Notices in OnBase and emailed the Notices to Contreras's counsel on May 7, 2013. Although Contreras's counsel was unable to open the attachment, Contreras's counsel conceded he could read the subject line of the email: "motions service including amended dfz motion and dfz motion on the PCS Meth case." There is no indication in the record that Contreras's counsel contacted the State and requested the email attachments be re-sent or that he was unable to access the Notices via OnBase.

Additionally, voir dire with the first jury panel began on May 13, 2015, six days after the State filed the Notices in OnBase and emailed them to Contreras's counsel. Even in light of the passage of six days between the State notifying counsel and the beginning of the trial, the trial court quashed the original jury panel and recessed the case so that Contreras's counsel could investigate the merits of the amended allegations in the Notices. The trial court did not resume jury selection until May 15, 2015, eight days after the State filed the Notices in OnBase and emailed them to Contreras's counsel.

Based on this record, we conclude that Contreras failed to establish that his ability to present a defense was impaired by the timing of the State's Notices. Even if Contreras had a defense to the drug-free zone allegation, he had sufficient time to develop that defense.

–4–

Contreras's counsel was notified six days prior to the beginning of trial that the State intended to seek a punishment enhancement based on distance of the offenses to a playground. Additionally, the trial court quashed the original jury panel and recessed for the purpose of allowing Contreras's counsel to visit the location of the playground, which he did. Voir dire did not begin again until May 15, 2013. Finally, Contreras's counsel did not rest his case until May 20, 2013, nearly two weeks after he originally was notified of the Notices and one week after he received paper copies of the Notices. Contreras's counsel had sufficient time to investigate whether the playground was within 1,000 feet of the site of the offense and to develop a defense to the drug-free zone allegations. We overrule Contreras's sole issue.

In a single cross-issue, the State asserts the jury assessed a $10,000 fine in the marijuana case and the trial court orally pronounced this fine. However, the written judgment does not reflect the fine. The State requests that we modify the judgment to reflect a $10,000 fine.

This Court has the authority to correct the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The record reflects that the jury assessed a $10,000 fine in the marijuana case and the trial court orally pronounced the fine as part of Contreras's sentence. The judgment, with the assessed sentence, is the written declaration and embodiment of the oral pronouncement. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2013). When the oral pronouncement of a sentence and the sentence in the written judgment conflict, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

Because the jury's sentence included a $10,000 fine and the trial court pronounced the fine, we modify the judgment in cause number 05-13-00753-CR to reflect that a $10,000 fine was assessed by the jury and orally pronounced by the trial court.

We affirm the trial court's judgment in cause number 05-13-00752-CR. We modify the trial court's judgment in cause number 05-13-00753-CR, and affirm as modified.


                         / Craig Stoddart/
                         CRAIG STODDART
                         JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130752F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE CONTRERAS, Appellant

No. 05-13-00752-CR   V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F-1231118-S.

Opinion delivered by Justice Stoddart.

Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of June, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GEORGE CONTRERAS, Appellant

No. 05-13-00753-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1231119-S.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect the $10,000 pronounced by the trial court.  As modified, the judgment is **AFFIRMED**.

Judgment entered this 8th day of June, 2015.